## ROUSE, HEMPSTONE & CO. v. SARRATT.

1. PLEADINGS—NOTES—CONSIDERATION—WAIVER.—Partial or total failure of consideration of notes for purchase money of goods may be shown against original payee without alleging fraud, but a purchaser waives the right to set up such failure by accepting the goods and giving notes without complaint of their quality.

2. EVIDENCE.—The DE BENE ESSE statute does not require that it appear affirmatively on certificate that notary taking the deposition is not of counsel for either party.

Before KLUGH, J., Cherokee, Fall Term, 1905. Affirmed.

Action by Rouse, Hempstone & Co., against J. I. Sarratt. From judgment for plaintiffs, defendant appeals.

*Messrs. J. C. Jeffries* and *Butler & Osborne,* for appellants. (Reporter furnished no argument.)

*Mr. J. C. Otts,* contra, cites: *It is not required that it appear on deposition that notary was not of counsel for either party:* 5 S. E., 936; 4 Ency. Ev., 388; 49 S. C., 169; 56 S. C., 385; 57 S. C., 3; 60 S. C., 201; 30 S. C., 153, 615; 12 S. C., 586. *Fraud on breach of warranty must be alleged:* 58 S. C., 59; 3 Strob. L., 75; 2 McC., 167; 3 Brev., 63; 4 Ency. P. & P., 951-3; 2 Abbotts Tr. & Br. Pleadgs., 1072; 27 S. C., 621; 39 S. C., 74.

July 23, 1906. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant appeals from a judgment recovered on several promissory notes given by him to the plaintiffs for merchandise. The allegations of the answer were: (1) that the goods did not come up to sample nor to the representations made by plaintiffs' salesman as to character and class, and on this defendant sets up a counterclaim for damages to the amount of $150; (2) that much of the goods were moth-eaten, rotten and in damaged condi-

tion, and on this allegation defendant sets up a second counter-claim for damages for $100.

In support of these allegations the defendant offered to prove by the witness Hood, who was a bookkeeper and salesman of the defendant, the condition of the goods when they were received and unpacked. This testimony was objected to on the ground that fraud was not alleged in the answer, and it was ruled out by the Circuit Judge. The evidence was not objectionable on the ground stated, for it cannot be doubted that a partial or total failure of consideration may be shown against the original payee of a promissory note without alleging fraud. But the testimony offered would not have availed the defendant in this case for the reason that the defendant waived the alleged defects by giving the notes.

The last shipment of merchandise was made on November·19th, 1904, and the evidence offered related to defects discovered on their receipt. Subsequently on January 3d, 1905, the defendant gave the notes for the full amount of the bills without objection or reservation, enclosing them in a letter expressing thanks for the indulgence of the plain-tiffs. Manifestly, it was too late for the defendant to complain of the quality of the goods, especially when he had obtained indulgence on the faith of the notes. The evidence rejected was therefore immaterial.

The statute does not require, as appellant contends, that it should affirmatively appear by certificate that the notary public taking testimony *de bene esse* is not attorney or counsel for either party. The burden is on the party objecting on account of that relation to show its existence.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.