## PHOENIX FURNITURE CO. v. JAUDON.

Verdict—Claim and Delivery.—In action for possession of complete outfit for barber shop, including five barber chairs, whole valued at $59.71, verdict for three barber chairs, valued at $59.71, is not so indefinite when construed with pleadings, as that a judgment thereon could not be enforced with reasonable certainty, and defendant cannot complain that a part of the property is assessed at value placed by plaintiff on whole.

Before Memminger, J., Charleston, Spring Term, 1905. Affirmed.

Action by Phœnix Furniture Co. against J. C. Jaudon. From judgment for plaintiff, defendant appeals.

*Messrs. Legare & Holman,* for appellant, cite: 30 S. C., 326; 18 S. C., 385.

*Messrs. Mordecai & Gadsden,* contra, cite: 10 S. C., 493; 66 S. C., 432; 68 S. C., 96; Code of Proc., 77.

September 20, 1906. The opinion of the Court was delivered by

MR. JUSTICE WOODS. In this action of claim and delivery, the property is thus described in the complaint: "One (1) mirror; four (4) mirrors; two (2) 18x18 oak tables; four (4) 24x24 oak tables; one dozen cane seat oak chairs; four (4) barber chairs; one (1) boot black chair; four (4) sets imperial bottles; four (4) neck dusters; one (1) oak book shelf; one book case; five (5) oak dressing cases, with French plate mirrors; one (1) antique mug case; one (1) Columbia oak barber's chair, D. K. maroon plush; one (1) hat rack, and one lounge; all of the value of $59.71." The jury found a verdict in favor of the plaintiff "for three barber's chairs, or $59.71." The defendant moved for a new trial on these grounds: "First. Because the identity of the property found for the plaintiff is not sufficiently defined so as to ascertain its identity, in order that the same may be delivered by the sheriff, under the verdict and judgment herein, and the same is, therefore, null and void."

"Second. Because the value of the whole property, described in the complaint, having been fixed by the plaintiff at $59.71, the jury could not find the value of a part of the property to be equal to that of the whole."

The motion was refused and the defendant appeals.

The case is not free from difficulty, but on the whole we think the verdict may be sustained. In *Bardin* v. *Drafts*, 10 S. C., 493, 497, the verdict was, "We find for the defendant the return of the property or $507.95." In holding this to be a sufficient compliance with the statute, the Court says: "Every reasonable presumption must be made in favor of the verdict, and that would render it necessary to construe it as conformable to the requirements of the law where such construction is possible. We consider that the jury have found the value of the property, and, therefore, the first ground of appeal is insufficient." A verdict should not be set aside as too indefinite if in itself or taken in connection with the pleadings it so identifies the property that a judgment based on it could be enforced with reasonable certainty. All the cases in this State and those we have examined in other

jurisdictions were decided by this test. *Bardin* v. *Drafts, supra; Eason* v. *Miller,* 16 S. C., 381; *Lockhart* v. *Little,* 30 S. C., 326, 9 S. C., 571; *Finley* v. *Cudd,* 42 S. C., 127, 20 S. C., 32; *Bossard* v. *Vaughn,* 68 S. C., 96, 146 S. E., 523.

Applying the same test here, we think "the three barber's chairs" referred to in this verdict may be sufficiently identified. The description of the property set forth in the complaint makes it clear that the plaintiff was claiming from the defendant the contents of a barber shop, and the number of the several articles and the particular description of some of them would distinguish this shop equipment from any other that might be in the possession of the defendant. But the complaint calls for "four barber's chairs" and "one Columbia oak barber's chair," and the question is now, how are the "three barber's chairs" mentioned in the verdict to be identified and taken from the five. The Columbia oak barber's chair may be eliminated on the supposition, if that had been meant, it would have been designated in the verdict and in the same words as in the complaint. There is nothing in the record to indicate that any of the remaining four chairs could be distinguished by description from the others. It might well be that the defendant had in his possession three barber's chairs, the property of the plaintiff, precisely like the one of his own. This circumstance shall not preclude the plaintiff from recovering his three chairs; for if none of the four could be distinguished from the others, it could make no possible difference which three should be delivered to the plaintiff. Any other conclusion would sacrifice the spirit to the letter. The law does not exact the impossible, and where from the nature of the property identification is difficult, all that one who holds it unlawfully can require is the best identification to be reasonably expected. It would be impossible to identify fifty bushels of corn of plaintiff placed by defendant on a pile of his own, or a thousand bushels of plaintiff's wheat in defendant's elevator, yet a verdict for so much corn or wheat where the complaint indicated the mass of which it was a part would be

sufficient. If one wrongfully takes ten bales of cotton of another and places it with ten bales of his own of similar or even unknown grade, surely it could not be contended that because the converted cotton could not be distinguished from the other ten bales, the owner must lose it. If the four chairs were not alike and were capable of separate description, then it was the duty of the defendant to move to have the description in the complaint made more definite and certain. The verdict is not fatally defective in this respect.

The jury found the value of the chairs to be $59.71, which was stated in the complaint to be the value of all the property sued for, and the defendant argues the verdict cannot stand because a part cannot be equal to the whole. The evidence is not before us, but it may be the plaintiff was not concerned to state the full value of the property in the complaint, having only a special property and a right to possession; for example, the title and right to possession of a mortgagee after condition broken in order to collect a mortgage debt of $59.71; and in that case, while the jury could not assess the value of the whole property as described in the complaint at more than $59.71, the defendant could not complain that the verdict was for only a part of the property assessed at its real value, not exceeding $59.71, the value of the whole, as given in the complaint.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.