8058

TROWBRIDGE v. CHARLESTON AND WESTERN CAROLINA RAILWAY CO.

1. AN INSTRUCTION that it is the province of the jury to solve the differences in contradicting testimony, there being contradictions in the testimony, and to solve the alleged contradictions in the testimony of a party, is not on the facts.

2. VERDICT—APPEAL.—That the jury did not give a verdict for the whole amount claimed is no ground for complaint by defendant.

3. CARRIERS—PRESUMPTIONS—FREIGHT.—Where fruit is delivered in a damaged condition, the presumption is that the damage occurred while in the possession of the terminal carrier.

Before SEASE, J., Anderson, Summer term, 1911. Affirmed.

Action by J. W. Trowbridge against Charleston and Western Carolina Railway Company. Defendant appeals.

*Messrs. Bonham, Watkins* and *Allen,* for appellant, cite: *If there is no evidence to support the verdict, it should be set aside;* 64 S. C. 566, 344; 66 S. C. 314. *Plaintiff must show damage was caused by negligence of defendant:* 87 S. C. 364.

*Messrs. Hood & Sullivan,* contra, cite: *There being conflict in the evidence, the charge of the Circuit Judge is not on the facts:* 79 S. C. 122. *Presumption of negligence arises on delivery in damaged condition:* 87 S. C. 206; 81 S. C. 472; 65 S. C. 509; 39 S. C. 55; 76 S. C. 311; 56 S. C. 153; 26 S. C. 269; 9 Rich. 201; 2 Rich. 286. *Charge not on the facts:* 73 S. C. 236; 72 S. C. 556; 72 S. C. 411, 591; 68 S. C. 392; 69 S. C. 460.

December 19, 1911.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.    This appeal is from a judgment in favor of plaintiff against defendant for one hundred and ninety dollars as damages to a carload of bananas shipped to plaintiff at Anderson, S. C., from New Orleans, La.

The testimony for plaintiff tended to show that the bananas were delivered to the initial carrier at New Orleans on June 13, 1910, in good green condition, that on June 15 the bananas were inspected in Atlanta, Ga., and found in good, green condition with about twenty-five bunches slightly turning, that the bananas arrived at Anderson, S. C., on Saturday night, June 18, that three days were a reasonable time for the shipment of fruit from New Orleans to Anderson, that plaintiff inquired of defendant's agent at Anderson on Friday 17, and Saturday, 18 of June, and was informed that the bananas had not arrived, that on Saturday night plaintiff was informed of the arrival of the car, that he could not unload the car on Saturday night, that on Sunday morning the bananas were in an overripe condition, and when the car was delivered on Monday morning they were found to be in an unsalable condition, with the exception of eighty-five bunches out of the carload of eight hundred bunches.

The testimony for the defendant tended to show that the bananas arrived at Anderson at five p. m. Friday, June 17, and that plaintiff was notified and saw the bananas that afternoon and unloaded the car on Saturday morning, June 18; and that no notice was given it of damage to the bananas until two or three days afterwards.

Judge Sease charged the jury that when testimony is contradictory it is the peculiar province of the jury to solve the difference and give a reasonable solution of the matter. This was clearly correct and was not a charge upon the facts, as the testimony was contradictory.   It was also the province of the jury to solve the alleged contradiction in the testimony of the plaintiff himself.

The contention that it was error to refuse a new trial because there was no testimony to sustain the verdict cannot be sustained.

The point made here by appellant is that the plaintiff claimed $297.07 as the amount of the damages and that it was not disputed that if plaintiff was entitled to recover at all, he was entitled to recover the whole amount claimed, whereas the jury only awarded $190. As proof of the larger amount necessarily included the smaller, surely the appellant has no ground to complain of the favorable consideration of the jury.

The Court instructed the jury in substance that when a carrier delivers fruit in a damaged condition, the presumption is that the damage occurred while in the possession of the delivering carrier, and that the burden of proof is upon the carrier to show that the condition of the fruit was not due to its negligence. Appellant contends that the charge improperly placed the burden of proof.

The bill of lading in this case stipulated that the burden to prove freedom from negligence was upon the carrier. Moreover the instruction given was in accord with the following statement of the rule in *Trakas* v. *Railroad,* 87 S. C. 206: "When the goods are perishable the carrier should exercise care in view of that fact, and when perishable goods are delivered by the carrier in a damaged condition, the presumption makes it incumbent on the carrier to show that its negligence did not contribute to bring about or hasten the deterioration. While the carrier is not liable for losses caused by the inherent nature of the goods, it is liable for damages which result from its failure to exercise due care in view of the nature of the goods."

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.