8335

REARDON v. AVERBUCK.

1. AMENDING PLEADINGS—ANSWER.—A motion to amend an answer in claim and delivery to foreclose a chattel mortgage, on day called for trial, by alleging that the mortgage was executed under a misrepresentation as to its contents and under duress, the excuse for not moving sooner being that the defendant was a foreigner who spoke English badly and his counsel did not understand the nature of his defense until that morning, nearly twelve months after suit began, was properly refused.

2. RENTER—WAIVER—CHATTEL MORTGAGES.—A renter of a storehouse waives the right to set up the breach of a contract to repair as a defense to the mortgage executed in January to secure the rent for the year at which time he moved from the building because of the failure to repair, the rent contract and the contract to repair having been made in September previous.

3. CLAIM AND DELIVERY.—A verdict in claim and delivery to foreclose a chattel mortgage, "We find for plaintiff the recovery of the possession of the goods or the sum of $200," is a sufficient description of a stock of goods, the pleadings and the evidence referring to them as

the stock of goods covered by the mortgage. The defendant being in possession cannot complain that the jury assessed the property at less than its value.

Before ——————, J., Sumter, ——————. Affirmed.

Action by Geo. W. Reardon against Nathan Averbuck. Defendant appeals.

*Mr. L. D. Jennings,* for appellant, cites: *Amendment should have been allowed:* Code of Proc. 194; 81 S. C. 574. *Definition of discretion:* 47 S. C. 498. *Contract to repair may be separate from lease:* 79 S. C. 459; 61 S. C. 166; 65 S. C. 134; 72 S. C. 362, 410.

*Mr. H. C. Haynsworth,* contra, cites: *Landlord not bound to repair in absence of contract:* 32 S. C. 589. *The form of the verdict sufficiently complies with the statute:* 10 S. C. 493; 68 S. C. 98; 75 S. C. 229.

October 8, 1912. The opinion of the Court was delivered by

MR. JUSTICE WOODS. In this appeal, in an action of claim and delivery, from a judgment against the defendant, the exceptions assign errors in these particulars: First, in refusing to allow an amendment to the answer; second, in excluding testimony tending to show that the plaintiff had agreed to repair the store for the rent of which the mortgage was given; third, in charging that the plaintiff had demanded possession of the property; and fourth, in refusing a new trial on the ground that the verdict was not in proper form.

The foundation of the action was a mortgage on a stock of goods executed by the defendant to secure several notes given to the plaintiff for the rent of a storehouse. The defense set up in the original answer was that the store was in a dilapidated condition, that the notes were given for

rent in advance, that the plaintiff had promised when they were given to repair the store and had refused to do so, and that defendant's goods were so injured by leaks in the roof that he was forced to move his goods and carry on his business in another store.   The rent contract was made on September 7, 1906, for the rent of the store from September 1, 1906, to September 1, 1907, for $300, and contains no agreement as to repairs.   The mortgage was not executed until January 16, 1907.   When the cause was called for trial the defendant's counsel made a motion to amend by alleging that the defendant signed the mortgage, which was not read to him, under the representation by the plaintiff that it was a paper giving him the right to move, and under the duress of threats of bodily harm at the hands of the plaintiff.   As an excuse for not putting this defense in the original answer, counsel for defendant stated that defendant was a foreigner speaking English so imperfectly that he had not understood him as to the allegations of the proposed amendment until the morning of the trial. The contention that there was abuse of discretion in not allowing the amendment cannot be sustained.   The amendment proposed would have introduced on the eve of the trial an entirely new issue.   The defendant had had nearly twelve months after the commencement of the action to acquaint counsel with his defenses; and there was good reason for the Court to hold that if he had used due diligence and care the defense would have been set up before the call of the case.   As there was no error in refusing the amendment, it follows the testimony offered to support it was properly excluded.

As to the second point, it is true, as defendant contends, that a lease silent on the subject of repairs implies no obligation on the part of either lessor or lessee to repair; and as the written lease in this case made no reference to repairs, it was no obstable to setting up and proving a distinct and separate agreement by Reardon, the

plaintiff, to put the house in repair. *Williams* v. *Salmond,* 79 S. C. 459, 61 S. E. 79. But there is a valid reason for the exclusion of the evidence. The answer alleges that the contract to repair was made on 7 September, 1906, the day on which the lease was signed. It is impossible that the payment of the rent could have been conditional on the making of the repairs, for the mortgage to secure the rent for the entire year was given on 16 January, 1907, the day that defendant moved out of the store for the reason, as he alleged, that it leaked and injured his goods. This clearly showed a promise to pay the rent notwithstanding the failure of the plaintiff to repair. The defendant might have had a separate action or might have set up a counterclaim for damages for breach of the alleged separate contract to repair, but he could not avail himself of such alleged breach as a defense to this action on the mortgage; for by renewing his promise to pay the rent in the face of plaintiff's failure to repair he waived the right to set up the breach as a defense to the mortgage. *Rouse* v. *Sarratt,* 74 S. C. 575, 54 S. E. 757.

There is no foundation for the third assignment of error, for the admission of defendant's counsel in the course of the charge could not be construed as less than an admission of a demand for the possession of the property.

The verdict was in this form: "We find for the plaintiff the recovery of the possession of the goods or the sum of two hundred dollars." This sufficiently identified the property as there were no goods referred to in the pleadings or the evidence except the stock of goods covered by the mortgage. *Bossard* v. *Vaughn,* 68 S. C. 96, 46 S. E. 523; *Phoenix Co.* v. *Joudon,* 75 S. C. 229, 55 S. E. 308. The defendant cannot complain that the jury placed the value at $200 instead of $1,000, the alleged real value. The defendant was wrongfully in possession, and it was to his advantage that the jury should assess the prop-

erty at less than its value in finding that the plaintiff was entitled to recover from him the property or its value if it could not be recovered.

Affirmed.