## 10817

### SEYMOUR & COMPANY v. PERRY

#### (110 S. E. 389)

1. SALES—WHETHER CONTRACT WAS ONE OF SALE OR ONE OF AGENCY FOR JURY UNDER CONFLICTING EVIDENCE.—In action involving issue of whether a contract was of sale or one of agency, the question where the evidence is conflicting, is one of fact for the jury.

2. APPEAL AND ERROR—DEFENDANT COULD NOT COMPLAIN IF VERDICT FOR PLAINTIFFS WAS MORE FAVORABLE TO DEFENDANT THAN EVIDENCE WARRANTED.—Defendant could not complain on appeal that verdict for $500.00 was illogical in that plaintiffs claimed $1,020, since he cannot complain if verdict is more favorable to him than the evidence warrants.

Before Sease, J., Greenwood. Affirmed.

Action by Seymour & Co. against S. F. Perry. Judgment for plaintiff and defendant appeals.

*Messrs. Tillman & Mays,* for appellant, cite: *Action is within Statute of Frauds:* 1 Civ. Code 1912, Sec. 3738; 72 S. C., 35; 106 S. C., 7; 30 S. C., L. 100; *Verdict was capricious on its face:* 92 S. C., 425; 78 S. C., 458.

*Messrs. Grier & Park,* for respondent, cite: *Statute of Frauds has no application:* 3 Hill L. 41; 1 Brev. 8; 69 S. C., 478; 68 S. C., 376.

January 25, 1922.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an action on a contract of sale of cotton. There was testimony that tended to show that at the request of the defendant the plaintiffs sold to Cooper & Griffin 100 bales of cotton, of which the defendant was to be responsible for 34 bales; that at the request of the defendant the plaintiffs bought and delivered the cotton to the purchasers. The plaintiffs claim that, while the price for which they sold the cotton was 26½ cents per pound, on account of a rise in the price of cotton to 32½ cents per pound they sustained a loss on the 34 bales of $1,020. The defendant moved for a nonsuit on the ground that the contract was void under the statute of frauds, not being in writing. The motion was refused, and a verdict was rendered for the plaintiff for $500. From the judgment for the plaintiff entered on this verdict, the defendant appealed.

I. In appellant's argument he says:

"We therefore think that the issue under this exception is narrowed to a consideration of the question of whether or not the agreement alleged to have been made

between Perry and Seymour & Co. was one of sale or one of agency."

The answer to that question can only be determined by the facts, and, as there was a conflict in the evidence, it was a question of fact, and not of law. The first assignment of error cannot be sustained.

II. The second question relates to the verdict. The plaintiff claimed $1,020, and the verdict was for $500. The appellant claims that the verdict was illogical and cannot stand. The defendant cannot complain if the verdict is more favorable to him than the evidence warrants.

The judgment appealed from is affirmed.

MR. JUSTICE WATTS did not participate on account of illness.