0834

Ralph PAGE, Appellant v. NEW LOWER RICHLAND
MEDICAL CENTER, Respondent.

(352 S. E. (2d) 295)

Court of Appeals

*David E. Massey* and *J. Marcus Whitlark*, Columbia, *for appellant.*

*William C. Hubbard* and *Barbara H. McArthur* of *Nelson, Mullins, Grier & Scarborough*, Columbia, *for respondent.*

Heard Nov. 19, 1986.

Decided Dec. 15, 1986.

SANDERS, Chief Judge:

Appellant Ralph Page brought this suit for loss of consortium against respondent New Lower Richland Medical Center. The trial judge granted summary judgment for the Medical Center based on the doctrine of collateral estoppel. Mr. Page appeals. We reverse.

Emily Page, the wife of Mr. Page, fell and broke her hip while in the bathroom of the Medical Center. Mrs. Page thereafter sued the Medical Center alleging her injury was due to its negligence. Mr. Page simultaneously sued the Medical Center for loss of consortium based on identical allegations of negligence. The jury returned a verdict against Mrs. Page in her suit. She did not appeal. The Medical Center

then moved for summary judgment against Mr. Page on the ground he was collaterally estopped to maintain his suit by the jury verdict against his wife. The trial judge granted the motion for summary judgment on this ground.

We are compelled to reverse by the recent decision of our Supreme Court in *Graham v. Whitaker*, 282 S. C. 393, 397, 321 S. E. (2d) 40, 43 (1984):

> It is well settled in South Carolina that one spouse's cause of action for medical expenses and loss of consortium resulting from negligent injuries to the other spouse is a different and distinct cause of action from one maintained by the injured spouse; judgment in favor of the defendant in one action is not a bar to the other action.

The Supreme Court cited as authority for this holding its previous decisions in *Hiott v. Contracting Services*, 276 S. C. 632, 281 S. E. (2d) 224 (1981); *Priester v. Southern Ry. Co.*, 151 S. C. 433, 149 S. E. 226 (1929); *Ryder v. Jefferson Hotel Co.*, 121 S. C. 72, 113 S. E. 474 (1922).

The Fourth Circuit Court of Appeals recently adopted this holding in *Courtney v. Remler*, 785 F. (2d) 304 (4th Cir. 1986). In addition to *Graham* and the cases cited in *Graham*, the Court of Appeals also cited *Gillespie v. Ford*, 225 S. C. 104, 81 S. E. (2d) 44 (1954) and *Watkins v. M & M Tank Lines, Inc.*, 694 F. (2d) 309 (4th Cir. 1982).

The Supreme Court may want to grant certiorari in the instant case and overrule or modify its previous decisions, but this Court has no authority to do so. *American Fast Print Limited v. Design Prints of Hickory*, 288 S. C. 46, 339 S. E. (2d) 516 (1986).

In deciding whether to grant certiorari and overrule or modify its previous decisions, the Supreme Court may want to consider the decisions of this Court in *Beall v. Doe*, 281 S. C. 363, 315 S. E. (2d) 186 (Ct. App. 1984) and *St. Philip's Episcopal Church v. S. C. Alcoholic Beverage Control Commission*, 285 S. C. 335, 329 S. E. (2d) 454 (Ct. App. 1985). There we adopted and applied the rule on issue preclusion formulated by the American Law Institute and set out in the Restatement (Second) of Judgments, Sections 27, 28 and 29 (1982).

The Supreme Court may also want to consider Section 48(2) of the Restatement (Second) of Judgments:

When a person with a family relationship to one suffering personal injury has a claim for loss to himself resulting from the injury, the determination of issues in an action by the injured person to recover for his injuries is preclusive against the family member, unless the judgment was based on a defense that is unavailable against the family member in the second action.

In the meantime, the order of the trial judge is

Reversed.

GARDNER and SHAW, JJ., concur.