1095

PIEDMONT AVIATION, INC., d/b/a Corporate Aircraft/East, Respondent v. Thomas D. QUINN, a/k/a T. Scott Quinn, Cross 3 Corporation and T. S. Quinn and Associates, Defendants, of whom Thomas D. Quinn a/k/a T. Scott Quinn is Appellant. Appeal of Thomas D. QUINN a/k/a T. Scott Quinn.

(366 S. E. (2d) 31)

Court of Appeals

*Dalton B. Floyd, Jr.,* and *Kathryn C. DeAngelo,* both of *Nettles, Floyd, Turbeville & Reddeck,* Surfside Beach, *for appellant.*

*Lawn & Leiter* and *Kenneth S. Corbett*, Myrtle Beach, *for respondent.*

Heard Jan. 18, 1988.

Decided Feb. 22, 1988.

SANDERS, Chief Judge:

Respondent Piedmont Aviation, Inc., d/b/a Corporate Aircraft/East, and appellant Thomas D. Quinn, a/k/a T. Scott Quinn, entered into a contract, by the terms of which Quinn agreed to buy an airplane from Piedmont. While the sale was pending, Piedmont allowed Quinn to use the airplane and supplied him with fuel, services and labor, including pilot training. The sale ultimately collapsed and Piedmont sued Quinn, asserting separate claims for breach of contract and *quantum meruit.* Quinn answered, denying any liability to Piedmont, and counterclaimed, seeking the return of a deposit he had made pursuant to the contract. The jury returned a verdict for Piedmont. We affirm.

The contract between Piedmont and Quinn provides for a purchase price of $1,406,124. Quinn paid Piedmont a deposit in the amount of $33,000. After the sale to Quinn collapsed, Piedmont sold the plane for $1,147,524. The claim for *quantum meruit* was based on the value of the use of the airplane by Quinn and the fuel, services and labor, including the pilot training supplied to him while the sale was pending. According to uncontradicted evidence, these items have a total value of $24,491. Curiously, Quinn did not request separate verdicts on the two claims by Piedmont. The jury returned a general verdict in the amount of $100,000.

Quinn points out that the evidence establishes the damages for breach of contract at $225,600 (the purchase price agreed upon of $1,406,124, less the total of the deposit of $33,000 and the sales price of $1,147,524, equals $225,600). He further points out that the evidence establishes the value of the items on which the claim for *quantum meruit* was based at $24,491. Thus, he argues, the verdict in the amount of $100,000 is not supported by the evidence and is contrary to law. We reject his argument based on two well-recognized principles.

The first principle is the so-called "two-issue rule." ■ According to this rule, "Where a case is submitted to the jury on two or more theories and a general verdict is returned, the verdict will be upheld if it is supported by at least one [of the theories]." *Gasque v. Heublein, Inc.*, 281 S. C. 278, 281, 315 S. E. (2d) 556, 558 (Ct. App. 1984). The instant case was submitted to the jury on two theories: the first, a claim for breach of contract, and the second, a claim for *quantum meruit*. The jury returned a general verdict. The amount of the verdict obviously exceeded the value of the items on which the claim for *quantum meruit* was based. However, the evidence of damages on the claim for breach of contract was more than adequate to support the verdict. Therein, of course, lies the essential problem. The verdict of $100,000 was substantially less than the damages proved on the claim for breach of contract. This problem is resolved by the second principle.

We most recently restated this principle in *Powers Construction Co. v. Salem Carpets, Inc.*, 283 S. C. 302, 322 S. E. (2d) 30 (Ct. App. 1984). In *Powers*, the defendant reneged on an enforceable promise to sell certain carpet to the plaintiff for $21,648. The plaintiff had to purchase the carpet from another supplier for $47,000. The jury returned a verdict in the amount of $12,676, exactly one-half of the damages proved. The defendant appealed, arguing the verdict was inconsistent with the evidence and reflected an improper application of the law to the facts of the case, precisely the argument made by Quinn in the instant case. We rejected this argument holding: "[P]roof of the greater amount necessarily included the lesser amount." *Id.* at 312, 322 S. E. (2d) at 36.

In deciding *Powers*, we were controlled by previous decisions by our Supreme Court in *Seymour & Co. v. Perry*, 118 S. C. 265, 110 S. E. 389 (1922); *Reardon v. Averbuck*, 92 S. C. 569, 75 S. E. 959 (1912); and *Trowbridge v. Railway Co.*, 90 S. C. 183, 73 S. E. 78 (1911). In *Seymour*, the plaintiff claimed damages of $1,020. The jury returned a verdict for $500. The Court held: "The defendant cannot complain if the verdict is more favorable to him than the evidence warrants." *Seymour*, 118 S. Ct. at 267, 110 S. E. at 389. In *Reardon*, the

plaintiff alleged goods in a claim and delivery action to have a value of $1,000. The jury found the value of the goods to be $200. The defendant appealed. The Court affirmed, holding: "[I]t was to his advantage that the jury should assess the property at less than its value. . . ." *Reardon*, 92 S. C. at 572-73, 75 S. E. at 960. In *Trowbridge*, it was undisputed that, if the plaintiff was entitled to collect anything, he was entitled to collect $297.07. The jury returned a verdict for $190. The Court held: "As proof of the larger amount necessary [sic] included the smaller, surely the appellant has no ground to complain of the favorable consideration of the jury." *Trowbridge*, 90 S. C. at 185, 73 S. E. at 78. The Supreme Court may want to modify or overrule its previous decisions in these cases, but we have no authority to do so. *Page v. New Lower Richland Medical Center*, 291 S. C. 82, 352 S. E. (2d) 295 (Ct. App. 1986).

Quinn further argues the trial judge erred in failing to instruct the jury that the amount awarded on the claim for *quantum meruit* should be decreased by the amount of the deposit. He again runs afoul of the two-issue rule. As previously discussed, the case was submitted to the jury on two theories. Since the verdict was supportable under the first theory, whether the judge erred in his instructions on the second theory is of no consequence. *Cf. Anderson v. West*, 270 S. C. 184, 241 S. E. (2d) 551 (1978) (even if the trial judge erred in submitting an issue to the jury, the two-issue rule requires affirmance where there is sufficient evidence under one theory to submit the case).

For these reasons, the judgment is

Affirmed.

GARDNER and BELL, JJ., concur.