THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Greg S. Baker, Respondent,
 v.
 Williams Roofing and Construction, Appellant.
 
 
 

Appeal From Aiken County
 James C. Williams, Jr., Circuit Court Judge

Unpublished Opinion No. 2005-UP-198
Submitted February 1, 2005  Filed March 18, 2005

AFFIRMED IN PART, REVERSED IN PART

 
 
 
 M. Anderson Griffith, of Aiken, for Appellant.
 Greg S. Baker, of Evans, for Respondent.
 
 
 

PER CURIAM:  Williams Roofing and Construction appeals a circuit court order affirming, as modified, a decision rendered by the magistrates court.  We affirm in part and reverse in part.  
FACTS
Greg Baker contracted with Williams Roofing and Construction (Williams) to replace the roof on his home for the quoted price of $7,500.  Williams replaced the roof, but Baker was not satisfied and subsequently complained of problems with the roof and Williams performance under the contract.  
Approximately a year later, Baker filed a breach of contract action against Williams in magistrates court.  In his complaint, Baker complained of delay in replacing the roof, substandard workmanship, and various other problems.  At the close of Bakers case, Williams moved for a directed verdict asserting Baker failed to present any evidence of his damages.  The magistrates court denied Williams requests for the fact that the defense used a transcript from a previous hearing and the plaintiff stated damages made by the defendant in that hearing.  
The magistrates court found in favor of Baker and awarded him $3,750 in damages and $55 in costs.  Williams filed a motion for reconsideration, which the magistrates court denied.  Subsequently, Williams appealed the magistrate courts decision to the circuit court arguing the magistrates court erred in denying its motion for directed verdict or alternatively, that the court erred in rendering a verdict for the [defendant] based on evidence which was not submitted at this trial.  The circuit court conducted a hearing and determined Baker did indeed provide evidence of his damages.  
The circuit court based its determination on the undisputed testimony that Williams agreed to replace his entire roof for $7,500, photos of the roof depicting the damage, and Bakers testimony that several roofers told him that in order to guarantee their work the entire roof would have to be replaced.  The circuit court affirmed the magistrate courts order, but modified it by increasing the award to Baker to $7,500 plus $55 in costs.  The circuit court increased the award based on its finding that there was no evidence to sustain the amount awarded to the plaintiff by the magistrate.  
STANDARD OF REVIEW
Section 14-5-340 of the South Carolina Code (1976), allows a circuit court to hear appeals from magistrates court.  Section 18-7-170 of the South Carolina Code (1976), provides:  

 Upon hearing the appeal the appellate court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits.  In giving judgment the court may affirm or reverse the judgment of the court below, in whole or in part, as to any or all the parties and for errors of law or fact.

This section allows the circuit court, in its review of the magistrate courts decision, to correct errors of law or fact.  In our review of the circuit courts decision, we may not reverse findings of fact if any evidence exists to support them.  Vacation Time of Hilton Head Island, Inc., v. Kiwi Corp., 280 S.C. 232, 233, 312 S.E.2d 20, 21 (Ct. App. 1984).
LAW/ANALYSIS
I.  Directed Verdict
Williams argues the circuit court erred in finding the magistrates court properly denied its motion for a directed verdict.  Williams asserts Baker failed to present any evidence of his damages at the magistrates court hearing, and therefore, the magistrates court erred in denying his motions for directed verdict.  We disagree.

 When reviewing the denial of a motion for directed verdict or JNOV, an appellate court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party.  The appellate court will reverse the trial court only where there is no evidence to support the ruling below.  

Elam v. South Carolina Dept of Transp., 361 S.C. 9, 27-28, 602 S.E.2d 772, 782 (2004) (citations omitted).  
The record supports the circuit courts determination that evidence of Bakers damages did exist.  Although we do not have a complete transcript from the hearing before the magistrates court, the pleadings undisputedly indicate the parties entered into a contract in which Williams agreed to replace the roof on Bakers home for $7,500.  Additionally, Baker testified during the magistrates court hearing, I couldnt get nobody out to give me a price because they wont do it.  They said theyll have to do the whole roof.  Everybody weve called.  Bakers testimony provides evidence of the need for the roof to be replaced.  In addition, the contract itself provides evidence of the cost to replace the roof.  Thus, we find evidence exists to support the circuit courts decision to deny Williams request for a directed verdict. 
In addition, Williams challenges the magistrate courts reliance on a transcript from a previous hearing for evidence of Bakers damages.  He asserts this transcript was not admitted into evidence, and therefore, the magistrates court incorrectly relied upon it.  The circuit courts order does not indicate it relied on the transcript in finding evidence of Bakers damages.  In fact, the circuit court, in its order, specified that evidence of Bakers damages consisted of the original agreement between the parties, the photographs provided by Baker, and Bakers own testimony.  Because the circuit court may make its own findings of fact in reviewing an appeal from the magistrates court, we need not address this issue.  See Parks v. Characters Night Club, 345 S.C. 484, 490, 548 S.E.2d 605, 608 (Ct. App. 2001) (stating section 18-7-170 of the South Carolina Code allows the circuit court to make its own findings of fact on an appeal from magistrates court).  
II.  Modification of Award
Next, Williams argues the circuit court improperly increased the magistrate courts award from $3,750 to $7,500.  We agree.
Notwithstanding the circuit courts broad standard of review in hearing appeals from magistrate courts, the circuit court erred in increasing the amount of the award.   In this case, the circuit court increased the award based on its finding that there was no evidence to sustain the amount awarded by the magistrate.  
This holding incorrectly suggests that a verdict must strictly conform to the testimony concerning damages presented at trial, which it does not.  In Powers Construction Company, Inc. v. Salem Carpets, Inc., 283 S.C. 302, 322 S.E.2d 30 (Ct. App. 1984), a defendant asserted that a jury verdict of one-half the amount of damages proven was inconsistent with the evidence presented at trial and thus was an improper decision by the fact finder.  Id. at 310, 322 S.E.2d at 35.  We disagreed, finding that proof of the larger amount necessarily included the smaller, thus appellant has no ground to complain of the favorable consideration of the jury.  Id. at 311, 322 S.E.2d at 35; see also, Piedmont Aviation, Inc., v. D. Quinn, 294 S.C. 502, 504-05, 366 S.E.2d 31, 32 (Ct. App. 1988) (holding same).[1]
Therefore, after determining that Baker presented evidence of his damages, the circuit court should have affirmed the magistrate courts award of $3,750 and costs.  Accordingly, the circuit courts order is 
AFFIRMED IN PART and REVERSED IN PART.
HEARN, C.J., KITTREDGE, and WILLIAMS, JJ., concur.

[1]  The circuit courts increase in Bakers award is particularly troubling considering that Baker did not appeal from the magistrates order.  See, e.g., Williamsburg Rural Water and Sewer Co. Inc. v. Williamsburg County Water and Sewer Authority, 357 S.C. 251, 272, 593 S.E.2d 154, 165-66 (Ct. App. 2003) (holding issues not raised on appeal become the law of the case).