ALITA ALIULIS, AN INFANT BY HER GUARDIAN *AD LITEM*, GEORGE ALIULIS, PLAINTIFF-RESPONDENT, v. TUNNEL HILL CORP., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued November 8, 1971—Decided December 6, 1971.

*Mr. Harry K. Seybolt* argued the cause for defendant-appellant.

*Mr. Verling C. Enteman* argued the cause for plaintiff-respondent.

PER CURIAM. This case arose out of a tragic automobile accident near Washington, Warren County. A car driven by a concededly intoxicated 19 year old girl, in which plaintiff, a 16 year old, was a passenger, collided with another vehicle. The driver was killed and plaintiff was seriously injured. Also hurt were two female adult passengers, as well as the operator of the second car, who was blameless. A flurry of litigation resulted, only the final remnant of which reached the Appellate Division and is before us. That is a suit by plaintiff against the last of three taverns in which the 19 year old had been served alcoholic beverages[1] on the night in question, in violation of *N. J. S. A.* 33:1–77 and the regulations of the Division of Alcoholic Beverage Control prohibiting sales to minors. The theory of the cause of action by an injured third party against the tavern was that laid down in *Rappaport v. Nichols,* 31 *N. J.* 188 (1959).

The only meritorious question presented is whether, as a matter of law, an injured third party is barred from recovery in such a situation if that party's negligence proximately contributed to her own injuries. This question differs from that presented in *Soronen v. Olde Milford Inn, Inc.,* 46 *N. J.* 582 (1966), in which the injury was to a patron of the defendant tavern who had been sold liquor in violation of state regulations. It was there held that any contributory negligence of the patron is not, as a matter of public policy, available to a tavern keeper by way of defense when the sale is the proximate cause of the patron's injury. In the case at bar, the illegal sale alleged to be the proximate cause of plaintiff's injuries was made not to plaintiff, but to another minor — the driver of the car in which she rode.

---

[1]Defendant's bartender testified that the 19 year old was known to be a minor and was served only "soda." The three passengers said that she had been served whiskey by defendant and the two taverns earlier visited. The jury's finding that defendant was negligent was necessarily based on a rejection of the bartender's testimony and acceptance of that of the passengers.

The trial court here instructed the jury in substance that plaintiff could not recover if it found that an ordinarily cautious and prudent person would not, under the same or similar circumstances, incur the risk of riding with this intoxicated driver[2] — in effect, the same well established principle of contributory negligence that would be applicable if the suit were by a passenger against the intoxicated driver of the vehicle in which he was riding. The jury, although not requested to do so, returned a special verdict that plaintiff was contributorily negligent, which resulted in a judgment in favor of defendant. (The case was tried only on the issue of liability and all other elements of plaintiff's cause of action were found in her favor.)

The Appellate Division reversed the result in the trial court, ordered the entry of judgment as to liability and remanded the case for a trial as to damages. 114 *N. J. Super.* 205 (1971). We granted defendant's petition for certification. 58 *N. J.* 435 (1971).

The Appellate Division held, as a matter of law, "that, for reasons of policy clearly enunciated in *Rappaport* and *Soronen,* contributory negligence is not available as a defense to the defendant tavern *in the circumstances here presented.*" (emphasis added) 114 *N. J. Super.* at 208. Although the court, in thereafter articulating the "reasons of policy," spoke in rather absolute and all-encompassing terms, we take it the court's decision was grounded in the circumstances of the case at bar even though those circumstances

---

[2] We understand this was the only theory of contributory negligence advanced at the trial. No consideration was given to the matter of the bearing on any contributory negligence of plaintiff of unlawful sales of liquor by defendant to her as impairing her judgment in deciding to ride with the intoxicated driver. We have not had the benefit of the trial transcript beyond the charge of the court and related matters. The furnishing of the testimony was dispensed with by order of the Appellate Division and we have had to rely on statements of counsel as to what transpired at the trial. We gather there was evidence that defendant also sold liquor to plaintiff, although it seems agreed that she was not intoxicated. Plaintiff's asserted cause of action does not rest on any sales to her.

were not spelled out. We agree, and are of the view that no more should be decided in this case.

Here plaintiff, the intoxicated driver and the two female adult passengers were not local residents, though some of them were known in the Washington area, and had come from the Philadelphia area for a day's outing. Apparently they planned to return that night and in fact had started home when the accident occurred. Moreover, defendant's tavern and the others they visited were situated outside of town, accessible only by private car. The hour was 3:00 A.M., and it is clear plaintiff, who had no other means of transportation, had no real choice in order to get home but to ride with the intoxicated driver. In these circumstances, we think any contributory negligence should not be available as a defense to a tavern keeper. A case holding likewise on similar facts is *Deeds v. United States,* 306 *F. Supp.* 348, 361–363 (D. Mont. 1969).

We are not now prepared to say that in no case may the contributory negligence of an injured third party defeat his action against a seller of alcoholic beverages to underage or intoxicated persons. Suppose, for example, that an intoxicated minor driver, who had been served drinks by a defendant tavern keeper, collides with a plaintiff's car which had disregarded a red traffic light. We leave the availability of the defense in that and other analogous situations until the question is precisely presented.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—7.

*For reversal*—None.