188 N.J. Super. 544 (1982)
457 A.2d 1243
BEVERLY RHYNER, PLAINTIFF,
v.
JOHN MADDEN; H.O.H. INC., T/A THE CARLTON HOUSE; MAPLE NINE CORPORATION, T/A BELOFF'S GREAT BAY TAVERN; ALBERT COMPTON, T/A EYRE HAVEN INN, DEFENDANTS. THOMAS MADDEN AND GERARD MADDEN, PLAINTIFFS,
v.
JOHN MADDEN; H.O.H. INC., T/A THE CARLTON HOUSE; MAPLE NINE CORPORATION, T/A BELOFF'S GREAT BAY TAVERN; ALBERT COMPTON, T/A EYRE HAVEN INN, DEFENDANTS. CARL E. JAECKEL, GENERAL ADMINISTRATOR AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF WARREN JAECKEL, DECEASED, PLAINTIFF,
v.
JOHN MADDEN; H.O.H. INC., T/A THE CARLTON HOUSE; MAPLE NINE CORPORATION, T/A BELOFF'S GREAT BAY TAVERN; ALBERT COMPTON, T/A EYRE HAVEN INN, DEFENDANTS.
Superior Court of New Jersey, Law Division Ocean County.
Decided December 20, 1982.
*545 Harold A. Sherman for plaintiff Beverly Rhyner (Mandel, Wysoker, Sherman, Glassner & Weingartner, attorneys).
Peter B. Van Deventer, Jr., for plaintiffs Thomas and Gerard Madden (Russo, Courtney & Foster, attorneys).
James A. Shafranski for plaintiff Carl E. Jaeckel (F.J. Lutz, attorney).
Joseph P. Rose for defendant John Madden.
Courtland T. Babcock, II for defendant Beloff's Great Bay Tavern (Babcock & Hennes, attorneys).
Donald L. Berlin for defendant Carlton House (Lieb, Berlin & Kaplan, attorneys).
Thomas F. Zborowski for defendant Eyre Haven Inn (Methfessel & Werbel, attorneys).
HAVEY, J.S.C.
The issue raised in this personal injury action is whether plaintiff's negligence, as an affirmative defense, is available to a defendant tavern keeper against a plaintiff passenger of a motor vehicle being operated by a driver who was served alcoholic beverages by the tavern while visibly intoxicated.
On August 17, 1980 plaintiffs Thomas and Gerard Madden were passengers in an automobile being driven by their brother, defendant John Madden. The Maddens had "partied" throughout the afternoon by patronizing three taverns in the Tuckerton area of Ocean County. They began the afternoon at defendant Great Bay Tavern, went on to defendant Carlton House and *546 finally ended that evening at defendant Eyre Haven Inn. After leaving the last tavern at about 9:20 p.m., defendant John Madden as driver and plaintiffs Thomas and Gerard Madden as passengers proceeded north on U.S. Route 9. Madden's vehicle left his lane of traffic and struck a vehicle being operated by the decedent Warren Jaeckel. Jaeckel was killed and his passenger, plaintiff Beverly Rhyner, was seriously injured. Thomas and Gerard Madden were injured as well.
At trial considerable evidence was presented to support a finding that defendant John Madden was intoxicated while at the defendant taverns, and when he collided with the Jaeckel vehicle. Plaintiffs Beverly Rhyner, Carl Jaeckel, administrator ad prosequendum of the estate of Warren Jaeckel, and Thomas and Gerard Madden request a charge to the jury against defendant taverns that a tavern keeper may be charged with negligence if he serves alcoholic beverages to a visibly intoxicated person who, thereafter, because of his intoxication, causes injury to another. R. 1:8-7. Rappaport v. Nichols, 31 N.J. 188 (1959); Soronen v. Olde Milford Inn, 84 N.J. Super. 372 (App.Div. 1964), aff'd 46 N.J. 582 (1966).
Defendant taverns do not dispute the applicability of this principle of law. But they argue that plaintiff's negligence (comparative negligence under N.J.S.A. 2A:15-5.1 et seq.) must be charged against plaintiffs Thomas and Gerard Madden since their conduct in incurring the risk of riding with an intoxicated person could be found to be negligent conduct which was a proximate cause of their own injuries. Petrone v. Margolis, 20 N.J. Super. 180 (App.Div. 1952). Plaintiff passengers argue that plaintiff's negligence is not available as an affirmative defense to a tavern keeper as a matter of public policy when the tavern keeper's negligent conduct is found to be a proximate cause of the accident, regardless of any concurrent negligence on the part of the intoxicated patron, whether driver or passenger. Soronen v. Olde Milford Inn, supra.
*547 In fixing responsibility upon a tavern keeper who served alcoholic beverages to a minor driver, the court in Rappaport v. Nichols, 31 N.J. at 202, noted that the unreasonable risk of harm not only to the minor driver, but to the general public, is readily foreseeable. It enunciated a public policy that one who is bound by and violates Alcoholic Beverage Code regulations, which provide that no licensee shall serve alcoholic beverages to a minor or to any person actually or apparently intoxicated, should bear the risk for injuries resulting from the violation. This public policy was extended in Soronen v. Olde Milford Inn, supra, to protect the intoxicated patron who fell and injured himself. It was held that plaintiff was not barred from recovery by his own conduct in becoming intoxicated. The Appellate Division in Aliulis v. Tunnel Hill Corp., 114 N.J. Super. 205 (App.Div. 1971), aff'd 59 N.J. 508 (1971), held that contributory negligence is not available as a defense to the defendant tavern keeper when a passenger is injured while driving with a driver who had been served alcoholic beverages while visibly intoxicated, and who, because of his intoxication, causes an accident. It noted that if the negligent driver-patron receives the benefit of the unavailability of a contributory negligence defense to the tavern keeper, the less culpable passenger should benefit as well. Id. 114 N.J. Super. at 210. But the Supreme Court in Aliulis v. Tunnel Hill Corp., 59 N.J. 508 (1971), refused to apply that rationale to all passengers under any set of circumstances and limited its affirmance to the facts of the case. Plaintiff Aliulis had been left at 3 a.m. in an unfamiliar area with an intoxicated driver, having no choice in getting home except to drive with him. Impliedly, the court left available a claim of contributory negligence against a passenger who is left with reasonable alternatives but who nevertheless chooses to ride with a driver who is visibly intoxicated. Id. at 511.
Unclear from the record in Aliulis is whether the passengers, as well as the driver had been drinking. Thus, Aliulis contrasts with the facts in this trial, where the record provides a sufficient basis for the jury to conclude that the passenger plaintiffs, *548 as well as the driver defendant were served alcoholic beverages by each or all of the defendant taverns while plaintiffs were visibly intoxicated. If the jury so finds, then the Alcoholic Beverage Code regulation which serves as a basis of liability against the tavern in favor of the driver-patron is likewise violated as to the passenger. It is equally foreseeable that the intoxicated passenger with judgment impaired, will expose himself to unreasonable risk because of the breach of that regulatory standard. Under those circumstances, the passenger's conduct should not be a bar to recovery against the negligent tavern.
Defendant taverns argue that any jury charge which encompasses the public policy protecting the intoxicated patron is not supportable since the holding in Renz v. Penn Central Corp., 87 N.J. 437 (1981). Renz held that contributory negligence is no longer a defense under New Jersey law. The court noted that in recent decisions "there was heightened recognition that the reasons underpinning contributory negligence were flawed, discordant with notions of social justice and out of harmony with contemporary values." Id. at 455. The court stated that "comparative negligence, an entirely new doctrine based upon fundamentally different legal theories, policies and social values, has replaced the common law doctrine of contributory negligence." Id. at 456.
Thus, defendants argue, since Rappaport v. Nichols, Soronen v. Olde Milford Inn and Aliulis v. Tunnel Hill Corp., all supra, were all decided before the adoption of the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq., their rationale may no longer be applicable. The court in Soronen v. Olde Milford Inn, supra, was concerned with contributory negligence being a complete bar to recovery, thereby frustrating the public policy which penalized the tavern. See id., 46 N.J. at 592. Since, defendants argue, contributory negligence is no longer recognized as a defense, and since under the Comparative Negligence Act plaintiff's conduct may not necessarily bar recovery, the court no longer need be concerned with frustrating that policy. *549 That argument ignores the fact that the conduct of the negligent tavern, in violating the regulations by serving visibly intoxicated patrons, is creating or contributing to the very condition which the tavern urges as the basis of a claim of plaintiff's negligence: that of being intoxicated. It is illogical to hold that a defendant tavern has a duty not to serve an intoxicated patron, but that it may escape liability by breaching that duty in serving the patron and then alleging that plaintiff was negligent in rendering himself intoxicated. Cf. Suter v. San Angelo Foundry & Machine Co., 81 N.J. 150 (1979), and Bexiga v. Havir Mfg. Corp., 60 N.J. 402, 412 (1972), where the court held that a plaintiff-employee's conduct in placing his hand into a machine without a safety device should not be the basis of plaintiff's negligence, stating, "the law does not accept an employee's ability to take care of himself as an adequate safeguard of interests which society seeks to protect." 60 N.J. at 167.
Under the facts of this case, charging plaintiff's negligence to any degree rewards defendant taverns for the breach of their duty by reducing or barring plaintiff's award. Recognition of the demise of contributory negligence in Renz v. Penn Central Corp., supra, in no way implies that the culpable tavern keeper should be so rewarded. No legislative or judicial pronouncement since the passage of the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq., has in any way expressly modified or limited the public policies advanced in Rappaport v. Nichols and Soronen v. Olde Milford Inn, both supra. That does not mean that the principle advanced is not subject to re-analysis and re-evaluation since "the law of negligence is primarily common law, whose great virtue is its adaptability to the conditions and needs of changing times." Smith v. Brennan, 31 N.J. 353, 362 (1960). As was stated by Chief Justice Vanderbilt in State v. Culver, 23 N.J. 495 (1957):
The nature of the common law requires that each time a rule of law is applied it be carefully scrutinized to make sure that the conditions and needs of the times have not so changed as to make further application of it the instrument of injustice. [at 505]
*550 The need to protect the visibly intoxicated patron from injury to himself as well as the general public is self-evident. The number of drinking-driving accidents and deaths occurring at the present time makes expression of that policy more necessary than ever.
Accordingly, the court intends to charge that if the jury finds that the plaintiff passengers were served alcoholic beverages while visibly intoxicated by any or all of defendant taverns, plaintiffs' conduct in riding with the intoxicated driver cannot be a basis of a finding of plaintiffs' negligence.