604 A.2d 226

JOANNE E. MCGOVERN, PLAINTIFFS, v. KOZA'S
BAR & GRILL, DEFENDANTS.

Superior Court of New Jersey
Law Division Union County

Decided December 6, 1991.

*Robert J. Jeney, Jr.* (*Snevily, Ely, Williams & Gurrieri*), for plaintiff.

*John J. Rizzo, (Grossman & Kruttschnitt, P.C.*), for defendant.

MENZA, J.S.C.

This is a dram shop action.

Plaintiff has moved to strike defendant's comparative negligence defense.

■ The question presented is whether the comparative negligence defense is available under the Alcoholic Beverage Servers Liability Act (*N.J.S.A.* 2A:22A–1 *et seq.*), to a tavern owner against whom a patron has brought suit for injuries she suffered as a result of her being intoxicated.

Surprisingly, there are no New Jersey cases which have interpreted the statute.

Plaintiff was a patron in the defendant's tavern, at which she consumed four to five glasses of beer and four to five shots of whiskey. She was injured when, upon leaving the tavern, she lost control of her vehicle, and struck two parked cars.

Plaintiff contends that under case law, the defendant is prohibited from asserting the defense of the patron's comparative negligence. The defendant responds that comparative negligence may be advanced as a defense against a plaintiff patron by virtue of the Alcoholic Beverages Servers Liability Act.

In *Rappaport v. Nichols*, 31 *N.J.* 188, 156 *A.*2d 1 (1959), the Supreme Court held that a defendant tavern owner was liable to the estate of a minor to whom the tavern sold alcoholic beverages which caused a fatal accident resulting in the minor's death. In response to the defendant's argument that the decedent himself was negligent in the operation of his motor vehicle and therefore contributed to the accident, the court stated that this negligence, if it did exist, was a normal incident

to the risk created by the tavern owner when it served alcoholic beverages to the minor.

> When alcoholic beverages are sold by a tavern keeper to a minor or to an intoxicated person, the unreasonable risk of harm not only to the minor or the intoxicated person but also to members of the traveling public may readily be recognized and foreseen; this is particularly evident in current times when traveling by car to and from the tavern is so commonplace and accidents resulting from drinking are so frequent. (at 202, 156 *A*.2d 1).

In *Soronen v. Olde Milford Inn, Inc.*, 46 *N.J.* 582, 218 *A*.2d 630 (1966), the Supreme Court set forth the proposition that contributory negligence is not available as a defense to a tavern keeper who negligently served alcoholic beverages to a patron which thereby proximately caused or contributed to the patron's injuries. The court said:

> The accountability [of the dram shop] may not be diluted by the fault of the patron for that would tend to nullify the very aid being afforded. Since the patron has become a danger to himself and is in no position to exercise self-protective care, it is right and proper that the law view the responsibility as that of the tavern keeper alone. (at 592, 218 *A*.2d 630).

The case of *Aliulis v. Tunnel Hill Corp.*, 59 *N.J.* 508, 284 *A*.2d 180 (1971), was an action for personal injuries sustained by a passenger in an automobile driven by a minor who had been served alcoholic beverages by the defendant tavern. The question presented was whether, as a matter of law, an injured third party is barred from recovery in such a situation if that party's negligence proximately contributed to his own injuries. (at 509, 284 *A*.2d 180).

It concluded, however, with this observation:

> We are not now prepared to say that in no case may the contributory negligence of an injured third party defeat his action against a seller of alcoholic beverages to underage or intoxicated persons. Suppose, for example, that an intoxicated minor driver, who had been served drinks by a defendant tavern keeper, collides with a plaintiff's car [which] had disregarded a red traffic light. We leave the availability of the defense in that and other analogous situations until the question is precisely presented. (at 511, 284 *A*.2d 180).

In the case of *Rhyner v. Madden*, 188 *N.J.Super.* 544, 457 *A*.2d 1243 (Law Div.1982), a case decided after enactment of the comparative negligence statute, but before the enactment of

the Alcoholic Beverage Servers Liability Act, the argument was made that the *Soronen* rationale was no longer viable because of the enactment of the comparative negligence law. The court rejected the argument, however, comparing the patron to an employee who is injured during the course of his employment and adopted the rationale of *Suter v. San Angelo Foundry and Machine Co.*, 81 *N.J.* 150, 406 *A.*2d 140 (1979), a products liability case, where the court said:

... the law does not accept the employee's ability to take care of himself as an adequate safeguard of interests which society seeks to protect. *Suter,* 81 *N.J.* at 167, 406 *A.*2d 140.

The trial judge stated:

[Defendant's] argument ignores the fact that the conduct of the negligent tavern, in violating the regulations by serving visibly intoxicated patrons, is creating or contributing to the very condition which the tavern urges as the basis of a claim of plaintiff's negligence: that of being intoxicated. It is illogical to hold that a defendant tavern has a duty not to serve an intoxicated patron, but that it may escape liability by breaching that duty in serving the patron and then alleging that plaintiff was negligent in rendering himself intoxicated. (*Rhyner,* 188 *N.J.Super.* at 549, 457 *A.*2d 1243).

In *Buckley v. Estate of Pirolo*, 101 *N.J.* 68, 500 *A.*2d 703 (1985), the Supreme Court modified the earlier holdings of *Soronen* and *Aliulis*. In *Buckley,* the court stated that it agreed with the Appellate Division's conclusion that comparative negligence could be a defense utilized by a tavern owner against third parties who were injured as a result of a patron's negligence. The court reversed, however, because it was of the opinion that the negligence of the plaintiffs had neither been fairly argued nor fully explored in the trial court. The Supreme Court recited the following from the Appellate Division's decision:

If a person has the capacity to protect himself from potential harm [that] an intoxicated patron may foreseeably cause, then he must act as a reasonable prudent person. The polestar is the capacity of the person seeking to recover damages to engage in self-protective measures. Where the patron has such capacity, we see no conflict between our comparative negligence law and the important public policy considerations underlying our dram shop rule. (at 77, 500 *A.*2d 703).

It then went on to say:

Were we satisfied that the Appellate Division was entirely accurate in its appraisal of the facts and in its understanding of plaintiffs' contentions, we would probably simply affirm the judgment substantially on the basis of the comprehensive and analytically-sound opinion below. We are in full accord with that court's treatment of the authorities, its appreciation of the public-policy considerations behind our dram-shop rule, and its sensitive understanding of the interrelationship between the Comparative Negligence Act and the dram-shop rule. The opinion below satisfactorily answers the argument of plaintiffs that comparative negligence principles should not apply to dram-shop cases; the reasoned rejection of that contention needs no further embellishment at our hands. (at 77–78, 500 *A.*2d 703).

This then was the law before the enactment of the Alcoholic Beverage Servers Liability Act. It is the plaintiff's contention that the Act merely codifies and reiterates prior case law. Defendant obviously disagrees and contends that the statute now makes the defense of contributory negligence available to the tavern owner not only as against third persons but against a patron as well. The defendant is correct.

*N.J.S.A.* 2A:22A–2 sets forth the legislative findings and declarations of the statute and in part states:

This act has been designed to protect the rights of persons who suffer loss as a result of the negligent service of alcoholic beverages by a licensed alcoholic beverage server while at the same time providing a balanced and reasonable procedure for allocating responsibility for such losses.

Section 5 of the statute specifically provides that the Comparative Negligence Act (*N.J.S.A.* 2A:15–1 *et seq.*), applies to the actions brought under the Alcoholic Beverage Servers Liability Act.

*N.J.S.A.* 2A:22A–6 provides:

Damages may be awarded in a civil action under P.L.1987, c. 152 (C. 2A:22A–1 et seq.) subject to limitations set forth in this section.

a. The provision of Sections 1 and 2 of P.L.1973, c. 146 (C. 2A:15–5.1 and c. 2A:15–5.2) shall apply in all civil actions instituted pursuant to the provisions of this act.

b. Notwithstanding the provisions of P.L.1952, c. 335 (C. 2A:53A–1 et seq.), section 3 of P.L.1973, c. 146 (C. 2A:15.53) or any other law to the contrary, in any case where a licensed alcoholic beverage server or any other party to a suit instituted pursuant to the provisions of this act is determined to be a joint tortfeasor, the licensed alcoholic beverage server or other party shall be responsible for no more than that percentage share of the damages which is equal to the percentage of negligence attributable to the server or other party.

█ The plain language of the statute is clear that the defense of contributory negligence may be asserted against anyone who brings an action under the act. And any doubt is dispelled by the statute's legislative history.

The Assembly Committee's statement to the bill declares:

Section 5 sets forth the circumstances under which a person who sustains personal injury or property damage can recover from a licensed alcoholic beverage server. Specifically, the bill establishes a three prong level of proof; prohibits an intoxicated person from suing for injuries or damage which he sustains as a result of his own actions; and prohibits a passenger in a car operated by an intoxicated person from suing a licensed server.

And the governor's comment to the bill is even clearer:

In order to protect licensees and clearly demonstrate the type of conduct for which the licensee may be civilly liable to adults and persons injured by intoxicated adults, I recommend that the current common law negligence standard pertaining to adult patrons be modified.... Rather than wholly eliminating liability to adult patrons and certain third party motor vehicle passengers, I believe that a better public policy would be to temper the licensee's liability to all potential claimants by applying comparative negligence principles where the injured party had the capacity to engage in self-protective measures. *The fact that comparative negligence principles do not currently apply in an action by a patron against a licensee, but do apply in action by an injured third party against a licensee, causes an inequitable allocation of losses where the injured party had the capacity to engage in self-protective measures. In light of current principles of comparative negligence, I know of no reason to insulate a patron from any responsibility while at the same time assessing fault against a third party who may be possibly the most innocent of all involved in such tragic incidents.* (Emphasis added).

It is also to be noted that the Governor specifically stated that the comparative negligence defense is available to "all", not just some claimants:

... that a better public policy would be to temper the licensee's liability to *all* potential claimants by applying comparative negligence in principles ...

It is clear to this Court that comparative negligence applies to all plaintiffs, third persons and patrons alike.

The language and legislative history of the statute is unmistakable. Comparative negligence is a defense available to a tavern against the patron.

Plaintiff's motion to strike the defendant's defense of comparative negligence is denied.