114 N.J. Super. 205 (1971)
275 A.2d 751
ALITA ALIULIS, AN INFANT BY HER GUARDIAN AD LITEM, GEORGE ALIULIS, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
TUNNEL HILL CORP., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 1, 1971.
Decided March 26, 1971.
*206 Before Judges GOLDMANN, LEONARD and FRITZ.
Mr. Verling C. Enteman argued the cause for appellant and cross-respondent.
Mr. Harry K. Seybolt argued the cause for respondent and cross-appellant (Mr. Edward E. Stover, attorney).
The opinion of the court was delivered by FRITZ, J.A.D.
The narrow issue presented by this appeal is whether the defense of contributory negligence is *207 available to a defendant tavern in an action for personal injuries caused to a plaintiff by a minor served alcoholic beverages by the tavern, in violation of a regulation of the Division of Alcoholic Beverage Control.
In the late afternoon of May 5, 1965 Alita Aliulis, the minor plaintiff with whom we are here concerned, was in a field near Washington, New Jersey, in the company of three other girls and two boys. The group had a case of beer. Of the other three girls, two were young adults, and one, Cynthia Zulauf, was also a minor. The ages of the boys do not appear, nor is it important. At some time during these activities, the two older girls left the field. Alita and Cynthia remained with the boys until about eight o'clock in the evening. They then left the field to commence a round of several taverns which was to continue until about three o'clock the following morning. It is not clear whether the two boys accompanied them, but sometime during the course of the evening they were rejoined by the other two girls. The four girls were together when they left Tunnel Hill Tavern, defendant here, in the early hours of the morning. At oral argument counsel agreed that despite the aforementioned activities, the record did not demonstrate that Alita was intoxicated when she left the defendant tavern.
The four girls were driven by a person (not here concerned) to a tavern previously visited and where Cynthia's car had been left. They proceeded from there, in Cynthia's car, with Cynthia driving. Because of an abbreviated record (the facts apparently not being in dispute) we have not had the benefit of the testimony, but we are advised by defendant's brief that Cynthia's three passengers all testified they knew she was not fit to drive the car, apparently because of intoxication. After a stop for gasoline, Cynthia drove only a short distance when she collided with a car operated by one Clifford Morgan. Cynthia was killed, and her three passengers were seriously injured.
A number of actions were instituted; all were settled, except Alita's claim against the tavern. This was tried to *208 a jury on the theory of defendant's negligence in serving alcoholic beverages to a minor, contrary to the provision of Regulation 20, Rule 1, of the Division of Alcoholic Beverage Control. Among other proper and unchallenged instructions, the trial judge charged the regulation, the availability of an inference of negligence upon the finding of a violation thereof, and the necessity for a determination of proximate cause before liability could be imposed. He then charged that plaintiff could not recover, regardless of defendant's negligence, if they found her to be contributorily negligent. Plaintiff's counsel made an appropriate and timely objection to this portion of the charge.
Although not solicited to do so by the charge, the jury returned with specific findings. It found defendant guilty of negligence and plaintiff guilty of contributory negligence. A concordant judgment in favor of defendant was entered, from which plaintiff here appeals.
It is beyond question in this State that if a defendant tavern sells alcoholic beverages to a minor in violation of the regulation of the Division of Alcoholic Beverage Control proscribing that activity, such illegal conduct provides adequate support for a jury verdict of negligence from which liability for injuries caused to another by the minor may be adjudged. Rappaport v. Nichols, 31 N.J. 188 (1959). It is clear, also, that this responsibility of the tavern keeper for the proximate results of a violation of the regulations extends to injuries suffered by the patron who is illegally served. Soronen v. Olde Milford Inn, Inc., 84 N.J. Super. 372 (App. Div. 1964). To the same effect, on directly certified appeal from the retrial in Soronen, is 46 N.J. 582 (1966). Both Soronen opinions held that the bar of contributory negligence was not available to the defendant tavern in an action by the patron.
We hold that, for reasons of policy clearly enunciated in Rappaport and Soronen, contributory negligence is not available as a defense to the defendant tavern in the circumstances here presented.
*209 A persuasive argument can be made for a contrary result based upon traditional concepts of negligence and contributory negligence. This was the approach of the trial judge in his reliance upon Petrone v. Margolis, 20 N.J. Super. 180 (App. Div. 1952); Bowman v. Central R.R. Co. of N.J., 27 N.J. Super. 370 (App. Div. 1953), and King v. Jones, 47 N.J. Super. 279 (App. Div. 1957). But in none of these cases, all of which preceded Rappaport and Soronen, was it necessary to consider the conflict between the common law approach and the important policy considerations having to do with alcoholic beverage control so clearly set forth in the latter Soronen case.
The Supreme Court, in Soronen, recognized the compromise with common law principles of negligence and proximate causation required in order to implement important public policy when it said:
Many states have dram shop acts in which the legislature has specifically fixed the scope and extent of the tavern keeper's civil responsibility for injuries which result from his service of alcoholic beverages to an intoxicated person. We have no such act and must therefore deal with the common law principles of negligence and proximate causation. In molding and applying these principles we recognize here, as in Rappaport, that the balancing of the conflicting interests and the weighing of the policy considerations are the vital factors. Those who enter the licensed liquor business do so with full awareness that it is heavily fraught with dangers and that the members of the general public as well as the individual patron are entitled to receive and do receive high measures of protection from its abuses. * * *. [46 N.J. at 592]
The court thereby also determined that this policy includes consideration for a high degree of protection to members of the general public. In the words of the Supreme Court, such "accountability may not be diluted" by the fault of a member of the general public proximately injured by such negligence.
As seen, the imposition of a heavy burden of responsibility upon the tavern owner for harm triggered by his violation of regulations flatly prohibiting the dispensing of alcoholic *210 beverages to minors or intoxicated persons is supported by precedent. Rappaport and Soronen, supra; cf. Mitchell v. The Shoals, Inc., 19 N.Y.2d 338, 280 N.Y.S.2d 113, 227 N.E.2d 21 (Ct. App. 1967). Moreover, we believe such sanction to be entirely proper in this day when death by automobile is so common and alcohol so frequently involved. The tavern keeper's illegal conduct, in such case, is a necessary ingredient to the menace which his patron becomes to all others, irrespective of their contributory fault.
Nor can it be said that such a rule imposes an undue burden upon the tavern keeper, for, as the Supreme Court observed in Soronen, he "may readily protect himself by the exercise of reasonable care."
Finally, we see no reason for a distinction that would otherwise result: The negligent patron, more closely associated with the wrongful act of the tavern keeper, receives the benefit of the unavailability of a contributory negligence defense to the tavern keeper. The other members of the general public, less intimately connected with the wrongdoing, do not, and this to the advantage of the tavern keeper, the party who had it within his control to avoid implication by the exercise of reasonable care.
This is not the imposition of strict liability upon the tavern keeper. The burden upon the plaintiff to demonstrate negligence and proximate cause remains.
Defendant has cross-appealed on the basis that there was no finding of proximate cause by the jury. The short answer to this is that the jury was adequately charged on the necessity for a finding of negligence and proximate cause, and in their reports to the court equated their finding, expressed as negligence, with one of liability. Under these circumstances we believe the cross-appeal to be without merit.
Reversed and remanded for the entry of judgment in favor of plaintiff and against defendant, and a new trial as to damages alone.