1272

George H. INMAN, Sr. and Edward Jane Inman, as Administrators of the Estate of Michael Edward Inman, Deceased, Respondents v. Bonnie Gillian THOMPSON, Appellant.

(375 S. E. (2d) 358)

Court of Appeals

*Robert M. Erwin, Jr.* and *James C. Pike, Jr.,* of *Nelson, Mullins, Riley & Scarborough,* Myrtle Beach, *for appellant.*

*John R. Clarke,* North Myrtle Beach, *for respondents.*

Heard Oct. 19, 1988.

Decided Dec. 15, 1988.

CURETON, Judge:

Respondents, as administrators of the Estate of Michael Edward Inman, sued Appellant-Bonnie Gillian Thompson for the wrongful death of their son, Michael Edward Inman. The jury awarded the parents the sum of $90,000 actual damages. Thompson appeals the trial judge's denial of her motions for directed verdict, judgment notwithstanding the verdict, and a new trial. We affirm.

The evidence in this case is conflicting. The primary issue before the court is whether there was sufficient evidence to submit the case to the jury and to sustain its verdict. In deciding this question, the evidence together with all reasonable inferences to be drawn from it must be viewed in the light most favorable to Inman. *Woods v. Rabon,* 295 S. C. 343, 368 S. E. (2d) 471 (Ct. App. 1988). This court's review is limited to determining if there is any evidence to support the verdict. *Id.*

The Inmans' eight year old son Michael was killed when struck by a car driven by Thompson as her car passed a school bus. There are two different versions of what happened. However, viewed in the light most favorable to the Inmans, the evidence reveals the following.

Michael got off the school bus at his regular stop. He and a friend jogged down the shoulder of the road, passing cars stopped behind the bus. Michael ran between two of the cars in order to cross the road to go home. Without looking, the child ran into the path of Thompson's automobile. Thompson was traveling in the opposite direction from the bus at

about 50 miles per hour. She did not stop for the bus, but rather accelerated as she passed it. She struck Michael in the roadway. Her skid marks began 56 feet past the point of impact and measured 37 feet in length. Michael's body was thrown 135 feet through the air.

At the time of impact the bus had not moved; the flashing stop lights were on; the stop sign arm was extended on the left side of the bus; and the children were still getting off the bus. The road is a two-lane secondary road with no median and is on a straightaway with no obstructions near the point of impact. The weather was clear. Before the accident, one of the witnesses in a vehicle stopped behind the bus saw the accident about to happen. He blew his horn and waved at Thompson to try to stop her.

On appeal, and at oral argument, Thompson's counsel acknowledged that for the purpose of this appeal, Thompson admits she was grossly negligent. He then frames the first issue for our review as whether the conduct of Michael constituted gross contributory negligence as a matter of law. Thompson relies principally on the case of *Standard v. Shine*, 278 S. C. 337, 295 S. E. (2d) 786 (1982).

Our Supreme Court in *Standard v. Shine* adopted the Restatement's view that "a minor's conduct should be judged by the standard of behavior to be expected of a child of like age, intelligence, and experience under like circumstances." *Id.* at 339, 295 S. E. (2d) at 787. Ordinarily, questions of proximate cause and contributory negligence are to be determined by the jury. *Ballou v. Sigma Nu General Fraternity*, 291 S. C. 140, 352 S. E. (2d) 488 (Ct. App. 1986). Likewise, credibility determinations are for the jury to decide. *Seigler v. Yeargin Construction Co., Inc.*, 290 S. C. 383, 350 S. E. (2d) 518 (Ct. App. 1986).

Here there was evidence Thompson passed the school bus while it was stopped with its lights flashing and stop sign arm extended. Under such circumstances, Michael could rely on Thompson to obey the law and stop. Had she done so there would have been little need for Michael to stop, look, and listen before he crossed the street in front of her car. Motorists driving in an area where children are expected to be present have an intensified duty to be vigilant. *Davenport v. Walker*, 280 S. C. 588, 313 S. E.

(2d) 354 (Ct. App. 1984). We cannot say as a matter of law Michael was grossly contributorily negligent. The trial judge did not commit reversible error in submitting the issue to the jury.

Thompson's final argument is that the trial judge committed error in charging last clear chance. In this regard, we note first that while Thompson argued during oral argument the charge itself was erroneous, neither her exception nor the arguments in her brief raise this as a basis for error. Both exception and brief predicate error in the charge because the evidence does not suggest Michael was helplessly in a place of peril where Thompson could have done something to avoid the accident. A non-jurisdictional error may not be raised for the first time at oral argument.

The elements of the doctrine of last clear chance which an injured pedestrian must establish are as follows:

> (1) That the pedestrian negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care; (2) that the motorist knew, or by the exercise of reasonable care could have discovered, the pedestrian's perilous position and his incapacity to escape from it before the endangered pedestrian suffered injury at his hands; (3) that the motorist had the time and means to avoid injury to the endangered pedestrian by the exercise of reasonable care after he discovered, or should have discovered, the pedestrian's position and his incapacity to escape from it; and (4) that the motorist negligently failed to use the available time and means to avoid injury to the endangered pedestrian, and for that reason struck and injured him.

*Broom v. Southeastern Highway Contracting Co., Inc.,* 291 S. C. 93, 102, 352 S. E. (2d) 302, 307 (Ct. App. 1986).

Thompson claims the evidence is uncontroverted that she did not see the child before impact, and thus could not have discovered the child's helplessness in time to prevent the accident.

The Inmans outline evidence they claim supports the charge of last clear chance. One witness testified that when he saw the accident about to happen, he blew his horn and

waived his hand at Thompson. Thompson testified she saw the school bus and children and approached the bus at 50 miles per hour. Another witness testified Thompson struck the child in the roadway and implied Thompson could have swerved to the shoulder of the road, which was unobstructed, to avoid the accident. Yet another witness testified Thompson came to the Inmans' home the day after the funeral and stated that "if she had been paying attention" the accident would never have happened. Additionally, Section 56-5-2770, Code of Laws of South Carolina, 1976, as amended, required Thompson to stop before reaching the stopped school bus.

A motorist who knows, or should know, that children may reasonably be expected to be in, near, or adjacent to a street or highway, is under a duty to anticipate the likelihood of their running into or across the roadway in obedience to their childish impulses, and to exercise due care under the circumstances for their safety. *Reid v. Swindler*, 249 S. C. 483, 154 S. E. (2d) 910 (1967); *Herring v. Boyd*, 245 S. C. 284, 140 S. E. (2d) 246 (1965). As stated in 7A Am. Jur. (2d) *Automobiles and Highway Traffic* Section 509, p. 737 (1980):

> A school bus, while discharging or taking on schoolchildren, is a warning of danger to motorists; by its very presence, they are afforded knowledge that small children may run across the road in front of their approaching vehicles, and they must operate their vehicles with a degree of care commensurate with the danger to be encountered. The danger of injuring a child under such circumstances is increased, and the care to be exercised by motorists in preventing an injury is likewise increased.

We hold that under the facts and circumstances of this case, when viewed in the light most favorable to the Inmans, Thompson had sufficient knowledge of Michael's peril,[1] and could have avoided injury to him in the exercise of due care.

---

[1] Thompson argues that under the charge given by the judge the jury was required to find actual knowledge of Michael's peril before the doctrine of last clear chance became applicable. While the judge's charge placed upon

Further, as Thompson concedes, the jury returned a general verdict, so it cannot be determined whether the jury found the child was not contributorily negligent or whether it found the negligence was negated by the subsequent negligence of Thompson in not avoiding the accident. If a verdict is susceptible of two constructions, one of which will uphold it and the other which will defeat it, the one which will uphold it is preferred. *Brown v. Techdata Corp., Inc.*, 238 Ga. 622, 234 S. E. (2d) 787 (1977). We discern no prejudicial error in the charge.

Accordingly, the order of the trial court is

Affirmed.

SHAW, J., and LITTLEJOHN, Acting J., concur.

the Inmans a greater burden of proof than is required by South Carolina law, they did not complain of the charge, and such becomes the law of the case. Nevertheless, circumstantial evidence may be used to show actual knowledge. A finding of actual knowledge of Michael's perilous position may be based on Thompson's duty to maintain a proper lookout for children in and about the school bus. *See Gearhart v. Des Moines Ry. Co.*, 237 Iowa 213, 21 N. W. (2d) 569 (1946).