**Michael VON RUECKER, Plaintiff–Appellant,**

**v.**

**HOLIDAY INNS, INC., Richard L. Fowler, Towers Hotel Corporation and Madesco Management, Defendants–Respondents.**

**No. 55288.**

Missouri Court of Appeals, Eastern District.

June 27, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

Application to Transfer Denied Sept. 12, 1989.

John Francis Mulligan, Jr., St. Louis, for plaintiff-appellant.

James E. Whaley, T. Michael Ward, St. Louis, for defendants-respondents.

STEPHAN, Judge.

Appellant brought an action against respondents for negligence, intentional tort, products liability and breach of contract after suffering injuries in an alcohol related automobile accident on December 18, 1986. Appellant alleged that he was served intoxicating liquor by respondents when he was under the age of twenty-one and obviously intoxicated. Each respondent moved to dismiss for failure to state a claim upon which relief could be granted. The trial court sustained respondents' motions on July 29, 1988. Appellant filed a timely appeal from this dismissal. We affirm.

The facts, viewed in a light most favorable to appellant, are as follows: On the evening of December 17, 1986, appellant and two friends, all under the age of twenty-one, were drinking in Jimbo's Lounge, a bar located in the Holiday Inn at Fourth and Pine Streets in the City of St. Louis. Later, on December 18, 1986, at approximately 2:30 a.m., appellant overturned his car in a single car accident. As a result, appellant is and will remain a quadriplegic.

On December 16, 1987, appellant filed a three count petition for damages against respondents Holiday Inns, Inc. and its employee Richard Fowler. The respondents filed separate motions to dismiss on the ground that appellant failed to state a cause of action because he failed to satisfy the conviction requirement of § 537.053.3,

RSMo 1986. On March 3, 1988, the trial court heard and denied the motions, without prejudice so that appellant could make a record regarding the constitutionality of the statute. The trial court indicated in its order that respondents could renew their motions in sixty days.

Appellant deposed Circuit Attorney George Peach, Sgt. Roger Kohler, Officer Fred Hussman, Ms. Shirley McEwan (Custodian of Records for the St. Louis City Police Department) and William Torno (St. Louis District Supervisor, Division of Liquor Control). Appellant also submitted interrogatories and a request for production of documents to respondents. Answers and objections to appellant's discovery requests were filed on April 6, 1988. Respondents' objections were sustained by the trial court on April 21, 1988.

On April 19, 1988, the Supreme Court of Missouri handed down its opinion in the case of *Simpson v. Kilcher*, 749 S.W.2d 386. *Simpson* upheld the validity of § 537.053 and rejected constitutional attacks premised on violations of the open courts doctrine, separation of powers, due process and equal protection, stating that, "where the plaintiff is a victim of drunk driving, the conviction of the liquor licensee is an element of plaintiff's right to sue, not an obstruction or bar to his right to sue." *Id.* at 389.

Appellant filed his First Amended Petition on June 15, 1988, in which he joined Towers Hotel Corporation and Madesco Management as additional defendants. He added a breach of contract cause of action to his previous negligence, products liability and intentional tort actions on the theory that he was a third party beneficiary of Madesco's and Towers' contractual obligations to operate Jimbo's Lounge in an orderly and law abiding manner.

On July 13, 1988, separate motions to dismiss were filed on behalf of each respondent. The trial court heard and sustained these motions on July 29, 1988. This appeal followed.

In reviewing the trial court's dismissal of an action, we must determine if the facts pleaded and the inferences reasonably drawn therefrom demonstrate any ground for relief. We treat the facts averred as true, construe all averments liberally and favorably to appellant and determine whether the pleadings invoke principles of substantive law upon which relief may be granted. *Detling v. Edelbrock*, 671 S.W.2d 265, 267 (Mo. banc 1984).

In his first point, appellant asserts that the trial court erred in dismissing his petition because § 537.053, RSMo 1986, is inapplicable to licensees who serve intoxicating liquor to obviously intoxicated minors. We first look to the statute in question.

1. Since the repeal of the Missouri Dram Shop Act in 1934 (Laws of 1933–34, extra session, page 77), it has been and continues to be the policy of this state to follow the common law of England, as declared in section 1.010, RSMo, to prohibit dram shop liability and to follow the common law rule that furnishing alcoholic beverages is not the proximate cause of injuries inflicted by intoxicated persons.

2. The legislature hereby declares that this section shall be interpreted so that the holdings in cases such as *Carver v. Schafer*, 647 S.W.2d 570 (Mo.App. 1983); *Sampson v. W.F. Enterprises, Inc.*, 611 S.W.2d 333 (Mo.App.1980); and *Nesbitt v. Westport Square, Ltd.*, 624 S.W.2d 519 (Mo.App.1981) be abrogated in favor of prior judicial interpretation finding the consumption of alcoholic beverages, rather than the furnishing of alcoholic beverages, to be the proximate cause of injuries inflicted upon another by an intoxicated person.

3. Notwithstanding subsections 1 and 2 of this section, a cause of action may be brought by or on behalf of any person who has suffered personal injury or death against any person licensed to sell intoxicating liquor by the drink for consumption on the premises who, pursuant to section 311.310, RSMo, has been convicted or has received a suspended imposition of the sentence arising from the conviction, of the sale of intoxicating liquor to a person under the age of twenty-one years or an obviously intoxicated

person if the sale of such intoxicating liquor is the proximate cause of the personal injury or death sustained by such person.

Missouri's former dram shop act, Section 4487, RSMo 1929, was repealed by the General Assembly in 1934. Questions concerning dram shop liability were then placed with the courts. There was no dram shop liability in Missouri after 1934 until the judiciary began chipping away at the concept in *Sampson v. W.F. Enterprises, Inc.,* 611 S.W.2d 333 (Mo.App.1980), and *Nesbitt v. Westport Square, Ltd.,* 624 S.W.2d 519 (Mo.App.1981). These cases found that a violation of § 311.310, RSMo, gave rise to a cause of action against tavern owners. Later, in *Carver v. Schafer,* 647 S.W.2d 570 (Mo.App.1983), this court extended liability on purely common law concepts. *Carver* held that § 311.310 is indicative of a public policy that everyone is required to take ordinary care against reasonably anticipated injuries. *Id.* at 575. The tavern owner has the same duty of care and, therefore, should have avoided supplying the patron with more intoxicating liquor once it was apparent that the patron was already intoxicated. *Id.*

All three cases were, however, abrogated by § 537.053 which became effective on September 28, 1985. This statute is "a legislative prohibition of dram shop liability coupled with the creation of a new, limited cause of action...." *Simpson v. Kilcher,* 749 S.W.2d 386, 390 (Mo. banc 1988). The statute is rationally justified in that the legislature made a policy decision to place responsibility on the drunk driver. *Id.* at 392. The former common law rule against dram shop liability has, therefore, been effectively reinstated except where there has been a conviction or suspended imposition of sentence.

■ Appellant's first argument under this point is that § 537.053 only applies to a cause of action brought by a third party.

Section 537.053.2 specifically abrogates *Sampson v. W.F. Enterprises, Inc., supra,* in which the Western District determined that the parents of a deceased minor, who had been served alcoholic beverages by two different tavern owners, stated a cause of action against the tavern owners when their son overturned his truck and was killed. The purpose of abrogating *Sampson, Carver* and *Nesbitt* in the statute was to "promote judicial efficiency ... by preventing lawsuits against tavern owners every time a patron injures *himself, or another." Simpson,* 749 S.W.2d at 392. (emphasis added) Since the facts in *Sampson* are very similar to the facts herein, and *Sampson* was abrogated, we find that § 537.053 applies to first party as well as third party actions.

■ Appellant next argues that the legislature did not intend to prohibit intoxicated persons from recovering for their own injuries.[1] According to the plain language of subsections 1 and 2 of § 537.053, there is no dram shop liability. Subsection 3 creates a limited exception in favor of liability. *Andres v. Alpha Kappa Lambda Fraternity,* 730 S.W.2d 547, 552 (Mo. banc 1987). Under this exception, liability exists only when the tavern owner has been convicted or received a suspended imposition of sentence pursuant to § 311.310, RSMo, for the sale of intoxicating beverages to a person under the age of twenty-one or to an obviously intoxicated person, and then only if the sale of the intoxicating liquor is the proximate cause of the personal injury or death sustained by such person. § 537.053.3 RSMo 1986. Absent such allegation, no cause of action is stated. *Simpson,* 749 S.W.2d at 389.

We are bound by express written law and not by what may or may not have been intended. *Pipe Fabricators, Inc. v. Director of Revenue,* 654 S.W.2d 74, 76 (Mo. banc 1983). We, therefore, find that the

---

1. In support of this argument appellant cites the affidavit of his attorney which recounts a telephone conversation with a member of the Missouri State Senate who participated in the debates and lawmaking processes which resulted in the enactment of what is now § 537.053.

Whatever the recollection of the distinguished senator may be as to the legislative intent behind the statute, we disregard the affidavit as hearsay while noting, *infra,* that we are bound by what the statute says, not by what one legislator meant for it to say.

statute applies equally to intoxicated persons attempting to recover for their own injuries.

 In his final argument under Point I appellant asserts that the conviction requirement in § 537.053.3 violates his right against self-incrimination because it is necessary to expose himself to arrest and criminal prosecution by confessing to the offense of unlawful purchase or possession of intoxicating liquor in order to subject respondents to possible conviction.[2] A person can waive his right against self-incrimination as long as the waiver is voluntary, knowing and intelligent. *State v. Curry*, 714 S.W.2d 798, 800 (Mo.App.1986).

As discussed above, conviction or suspended imposition of sentence of one who sells intoxicating liquor to a minor is a necessary element of the cause of action constructed by § 537.053, but it does not follow that the testimony of the vendee is a prerequisite of the conviction. Clearly, others could testify to the fact of the sale and to the purchaser's age; and, therefore, the necessity of a conviction as an element of a cause of action allowed by § 537.053 cannot be argued to invalidate the statute. The statements given by appellant to law enforcement authorities were in furtherance of his efforts to secure convictions of the respondents and were unquestionably voluntary.

Point I is denied in its entirety.

 In his second, third, fourth, fifth and sixth points, appellant argues that the trial court erred in dismissing his petition because he stated claims based on negligence, intentional tort, strict products liability, negligent products liability and breach of contract. We find that the statutory remedy is exclusive and since appellant was unable to state a cause of action under the statute his action is precluded.

It is a well established principle that when a statute creates a new right or liability that did not exist at common law or under prior statutes, and also provides a specific remedy for the enforcement thereof, that statutory remedy is exclusive. *Gales v. Weldon*, 282 S.W.2d 522, 529 (Mo. 1955). *See also, Schiles v. Gaertner*, 659 S.W.2d 791, 793 (Mo.App.1983); *State ex rel. Slibowski v. Kimberlin*, 504 S.W.2d 237, 240 (Mo.App.1973).

Section 537.053.3 created a limited cause of action where none previously existed. The statute expresses a legislative intent to shield tavern keepers from liability for the injuries caused by their drunken patrons unless the tavern keeper "pursuant to section 311.310, RSMo, has been convicted or has received a suspended imposition of the sentence arising from the conviction, of the sale of intoxicating liquor to a person under the age of twenty-one years or an obviously intoxicated person if the sale of such intoxicating liquor is the proximate cause of the personal injury or death sustained by such person." § 537.053.3, RSMo 1986. This is a condition to the existence of a cause of action. *Simpson*, 749 S.W.2d at 389. The condition is an element of the right, *State ex rel. Jewish Hospital of St. Louis v. Buder*, 540 S.W.2d 100, 104 (Mo.App.1976), and becomes part of the right itself. *State ex rel. Slibowski*, 504 S.W.2d at 240.

In order to state a cause of action a plaintiff must allege the criminal conviction or suspended imposition of sentence. No such allegation was made here. The trial court was, therefore, correct in dismissing all counts in appellant's petition. Points II through VI are denied.

 Appellant's seventh point states that the trial court erred when it dismissed his first amended petition because § 537.053 is unconstitutional as applied to appellant. The argument under this point is a half page in length and cites no authority; it merely incorporates by reference a motion that was before the trial court. This is not sufficient. The point is deemed abandoned. *Boswell v. Steel Haulers, Inc.*, 670 S.W.2d 906, 912 (Mo.App.1984); Rule 84.04(d). Moreover, our Supreme

---

**2.** Section 311.325, RSMo 1986, provides: "Any person under the age of twenty-one years, who purchases or attempts to purchase, or has in his possession, any intoxicating liquor as defined in section 311.020 is guilty of a misdemeanor."

Court has already laid to rest appellant's constitutional challenges in *Simpson v. Kilcher, supra.* The point is denied.

█ Finally, appellant asserts the trial court erred when it sustained respondents' objections to appellant's interrogatories and requests for production of documents. Appellant's discovery was for the purpose of determining if respondents had *at any time* been convicted or received a suspended imposition of sentence for violating § 310.311. Appellant filed and served interrogatories on respondents Holiday Inns and Richard Fowler on March 17, 1988. Respondents filed their objections on April 6, 1988, arguing that the information requested exceeded the scope of discovery. The trial court sustained these objections, and appellant claims that such ruling prevented him from stating a claim upon which relief could be granted in this case.

We find no error. It is clear there were no convictions, or for that matter charges, arising out of the present case. Other convictions or suspended impositions of sentence are of no consequence to the issue of whether a cause of action was stated in this case. To state a cause of action under § 537.053.3 the conviction or suspended imposition of sentence must arise from "the sale of intoxicating liquor to a person under the age of twenty-one years or an obviously intoxicated person *if the sale of such intoxicating liquor is the proximate cause of the personal injury or death sustained by such person.*" (Emphasis added) Consequently, the point is denied.

The judgment of the trial court is affirmed.

SMITH, P.J., and SATZ, J., concur.