2296

Jean M. ANDERSON, Respondent v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATIONS, Appellant.

(454 S.E (2d) 353)

Court of Appeals

*Charles E.Carpenter, Jr.* and *Deborah Harrison Sheffield* both of *Richardson, Plowden, Grier & Howser,* Columbia; and

*Patrick M. Higgins* of *Howell, Gibson & Hughes*, Beaufort, *for appellant.*

*R. Thayer Rivers, Jr.*, of Ridgeland, *for respondent.*

Heard Dec. 7, 1994.

Decided Jan. 30, 1995; Reh. Den. Mar. 10, 1995.

CONNOR, Judge:

The South Carolina Highway Department appeals the trial judge's grant of a new trial to Jean M. Anderson after a jury found for the Department in a personal injury action. We reverse.

Jean Anderson fell on a sidewalk at the post office in Ridgeland, South Carolina. Rainwater runoff had caused a two- to four-inch drop-off from the sidewalk to the dirt area between the sidewalk and the curb. It was raining and Anderson was carrying both an umbrella and her three-year-old granddaughter. Anderson broke her right shoulder and bruised her elbow, hands, knuckles and knees.

Anderson claimed the Highway Department's negligence in improperly maintaining the sidewalk caused her injuries. The Highway Department denied negligence and further alleged Anderson's contributory negligence caused her injuries.

At the close the evidence, Anderson moved for a directed verdict on liability. The trial judge reserved ruling on the motion and submitted the case to the jury on the general principles of negligence and the defense of contributory negligence. The jury returned a verdict for the Highway Department.

The judge subsequently granted Anderson's motion for a new trial in a written order. He determined he should have granted Anderson's directed verdict motion "on the issue of the improper maintenance of the sidewalk."[1] He further reasoned:

> It still would have been incumbent upon the Plaintiff and upon a proper jury instruction to show that the lack of proper maintenance was the proximate cause of the Plaintiff's injury. Since the case was submitted to the jury upon general principles of negligence, and contribu-

---

[1] It should be noted the trial judge did not grant a new trial absolute based on his view of the evidence under the "thirteenth juror standard."

tory negligence, I have no way of knowing whether the jury determined that the Plaintiff had failed to prove proper maintenance, or that Plaintiff had proved improper maintenance, and the jury said that it was not the proximate cause of the injury, or that the Plaintiff proved both the defect and the proximate cause to the satisfaction of the jury, but that this was overcome by the Plaintiff's contributory negligence.

The judge acknowledged the issues of proximate cause and contributory negligence should have been submitted to the jury.

Where at least one issue supports a jury's general verdict involving two or more issues, the verdict will not be reversed. *Anderson v. West,* 270 S.C. 184, 241 S.E. (2d) 551 (1978); *Piedmont Aviation, Inc. v. Quinn,* 294 S.C. 502, 366 S.E. (2d) 31 (Ct. App. 1988). In *Piedmont Aviation,* the court submitted the case to the jury on claims of breach of contract and *quantum meruit.* Even though the court may have erred in its charge on *quantum meruit,* the general verdict was, nevertheless, sustainable on the breach of contract claim. If a verdict is susceptible of two constructions, one of which will uphold it and the other which will defeat it, the one which will uphold it is preferred. *Inman v. Thompson,* 297 S.C. 221, 375 S.E. (2d) 358 (Ct. App. 1988).

Assuming the trial judge was correct in directing a verdict on the issue of the Highway Department's negligence, the jury could have found either (1) the Highway Department's negligence did not proximately cause Anderson's damages or (2) Anderson's contributory negligence caused her injuries. Because either one of these findings would support the jury's verdict, it should stand.[2]

Having reversed on this issue, we need not address the Highway Department's remaining issues.

Reversed.

CURETON, J., and HOWARD, Acting Judge, concur.

---

[2] We recognize the two-issue rule is normally applied only in situations of appellate review. However, under the unusual circumstances of this case, where a trial judge directs a verdict on a specific issue after the jury has returned a verdict, the principles are the same.