2555

Robert L. TOBIAS and Mary Ellen Tobias, Appellants v. The SPORTS CLUB, INC.; Hotel Associates, a Limited S.C. Partnership; The Ramada Hotel; Mallards; Interstate Management and Investment Corp.; E.L. Pooser; and Robert A. Dean, of whom Hotel Associates, a Limited S.C. Partnership; The Ramada Hotel; Mallards; Interstate Management and Investment Corp.; E.L. Pooser; and Robert A. Dean are Respondents.

(474 S.E. (2d) 450)

Court of Appeals

*Deborah R.J. Shupe, James A. Merritt, Jr.,* and *William K. Witherspoon,* all of *Berry, Adams, Quackenbush & Dunbar,* Columbia, *for appellants.*

*James W. Alford, R. Lewis Johnson* and *Andrew Haselden,* all of *Barnes, Alford, Stork & Johnson,* Columbia, *for respondents.*

Heard Mar. 8, 1996.

Decided Aug. 19, 1996.

HEARN, Judge:

Robert and Mary Ellen Tobias appeal the trial court's denial of their motion for a new trial. They argue the court erred in submitting the defenses of contributory negligence and assumption of the risk to the jury in their negligence actions based upon alleged violations of S.C. Code Ann. §§ 61-5-30 and 61-9-410 (1990). We affirm.

The case marks the first time a South Carolina appellant

court has been called upon to decide whether the defenses of contributory negligence and assumption of the risk are available to a defendant in a suit for injuries sustained when an inebriated person was served intoxicating liquor in violation of S.C. Code Ann. §§ 61-5-30 and 61-9-410 (1990). We hold that both contributory negligence and assumption of the risk were proper defenses in this case.[1]

## FACTS

In his complaint, Robert Tobias alleged he was served intoxicating liquors at a bar in the Ramada Hotel in Columbia on May 3, 1989, when he was already noticeably intoxicated. He had begun drinking that afternoon while playing golf and continued his drinking that evening at three successive bars. The Ramada was the third bar he visited that night. Tobias alleged the employees of the Ramada knew or should have known he was intoxicated at the time they served him; however, Tobias presented no evidence that anyone observed him visibly intoxicated. Tobias left the Ramada, and after driving approximately twenty miles toward his home in Ridgeway, was involved in an automobile accident with another vehicle when he crossed the centerline of the highway. The collision between Tobias and the oncoming vehicle resulted in the death of one of the other vehicle's occupants and injured another. Tobias was also injured in the accident.

Tobias brought this negligence action against the Ramada alleging violations of S.C. Code Ann. §§ 61-5-30 and 61-9-410. His wife, Mary Ellen Tobias, filed a companion suit for loss of consortium. The Ramada defendants answered the complaints alleging, among other things, contributory negligence and assumption of the risk by Robert Tobias. At trial, the Tobiases moved to strike those two defenses. The trial court denied their motion and the jury returned defense verdicts in both cases.

The Tobiases argue the trial court erred in submitting contributory negligence and assumption of the risk to the jury because those affirmative defenses do not apply as a matter of

---

[1] This case arose prior to the adoption of the law of comparative fault in South Carolina. *Nelson v. Concrete Supply Co.*, 303 S.C. 243, 399 S.E. (2d) 783 (1991) (applicable only for causes of action arising on or after July 1, 1991).

law to private causes of action brought under sections 61-5-30 and 61-9-410. They assert allowing a tavern owner to plead these defenses as a bar to an injured intoxicated person's claim for damages effectively abrogates the remedy provided by law and violates the public policy established by the statutes. We disagree.

## DISCUSSION

At common law, a tavern owner[2] had no liability for serving alcohol to an intoxicated person who later injured himself or others. *See* 45 Am. Jur. (2d) *Intoxicating Liquors* § 553 (1969). The rationale for this rule was that consuming, not supplying, the alcohol was the proximate cause of intoxication. *Id.* Many jurisdictions, however, have departed from this common-law view. In an effort to deter drunk driving and to compensate innocent victims injured by drunk drivers, many state legislatures have enacted "dram shop acts."[3] These statutes impose civil liability on tavern owners under various circumstances, such as supplying alcoholic beverages to minors or to obviously intoxicated persons.[4] In states where dram shop legislation has not been enacted, some courts have imposed liability on vendors of alcoholic

---

[2] For purposes of this opinion we classify any party who sells intoxicating beverages to be consumed on the premises as a tavern owner.

[3] Ala. Code § 6-4-71 (1993); Alaska Stat. § 04.21.020 (1994); Ariz. Rev. Stat. Ann. § 4-311 (1995); Colo. Rev. Stat. §§ 12-47-128, 12-46-112.5 (1991); Conn. Gen. Stat. Ann. § 30-102 (West 1990); Fla. Stat. Ann. § 768.125 (West 1986); Ga. Code Ann. §§ 51-1-18 to -40 (Supp. 1993); Idaho Code § 23-808 (1995); Ill. Ann. Stat. Ch. 43, para. 135 (Smith-Hurd Supp. 1992); Ind. Code Ann. § 7.1-5-10-15.5 (Burns Supp. 1996); Iowa Code Ann. § 123.92 (West Supp. 1996); La. Rev. Stat. Ann. § 9:2800.1 (West 1991); Me. Rev. Stat. Ann. tit. 28-A, § 2504 (West 1988); Mich. Comp. Laws Ann. § 436.22 (West 1995); Minn. Stat. Ann. § 340A.801 (West 1990); Mo. Ann. Stat. § 537.053 (Vernon 1988); Mont. Code Ann. § 27-1-710 (1995); N.H. Rev. Stat. Ann. §§ 507-F:1 to -8 (Supp. 1995); N.J. Stat. Ann. §§ 2A:22A-1 to -7 (West 1987); N.M. Stat. Ann. § 41-11-1 (Michie 1996); N.Y. Gen. Oblig. Law § 11-101 (McKinney 1989); N.C. Gen. Stat. § 18B-121 (1995); N.D. Cent. Code § 5-01-06.1 (1987); Ohio Rev. Code Ann. § 4399.01 to .99 (Anderson 1989); Or. Rev. Stat. § 30.950 (1988); R.I. Gen. Laws §§ 3-14-1 to -15 (1987); Tenn. Code Ann. § 57-10-102 (1989); Tex. Alco. Bev. Code Ann. §§ 2.01 to .03 (West 1995); Utah Code Ann. § 32A-14-101 (1994); Vt. Stat. Ann. tit. 7, § 501 (1988); Wyo. Stat. § 12-5-502 (Supp. 1995).

[4] Various jurisdictions define dram shop acts and penal statutes in different ways. Although many jurisdictions term their penal statute a "dram shop" act, for purposes of this opinion we consider a statute to be a dram shop act only if it specifically provides a civil cause of action. A penal or beverage control statute, on the other hand, prohibits certain conduct by tavern owners, often under threat of penalty.

beverages using principles of negligence, often basing a private cause of action on the violation of beverage control statutes.[5] At least three jurisdictions have refused to interpret their penal statutes to create a civil cause of action,[6] while others believe that such public policy decisions should be made by the legislature.[7] Still other jurisdictions, embracing the common-law view, have enacted legislation which renders servers of alcohol immune from liability.[8]

---

[5] *Rong Yao Zhou v. Jennifer Mall Restaurant, Inc.*, 534 A. (2d) 1268 (D.C. 1987) (beverage control statute is to supply the standard of care by which tavern owner's conduct is to be measured under common law); *Ono v. Applegate*, 62 Haw. 131, 612 P. (2d) 533 (1980) (action permitted against tavern owners for injuries sustained by third parties who were involved in accidents with obviously intoxicated patrons); *Nally v. Blandford*, 291 S.W. (2d) 832 (Ky. 1956) (tavern owner who sells to intoxicated person could reasonably foresee what might result); *Cuevas v. Royal D'Iberville Hotel*, 498 So. (2d) 346 (Miss. 1986) (third party is protected under the statute and has a claim against provider of alcohol; however, the provider of alcohol is not liable to an adult individual who is injured due to his voluntary intoxication); *Ohio Casualty Inc. Co. v. Todd*, 813 P. (2d) 508 (Okla. 1991) (third party is protected under the statute and has a claim against provider of alcohol); *Jardine v. Upper Darby Lodge No. 1973, Inc.*, 413 Pa. 626, 198 A. (2d) 550 (1964) (a violation of Pennsylvania's liquor code is negligence per se and gives rise to an action in tort); *Christiansen v. Campbell*, 285 S.C. 164, 328 S.E. (2d) 351 (Ct. App. 1985) (action permitted under penal statute against tavern owner for injuries sustained by intoxicated party who was served alcohol while obviously intoxicated); *Bailey v. Black*, 183 W.Va. 74, 394 S.E. (2d) 58 (1990) (an intoxicated person and a third party he injures are both in the class of people meant to be protected by the statute; however, their causes of action are subject to West Virginia's comparative negligence system).

[6] Arkansas, Ark. Code Ann. § 3-3-209 (Michie 1996), *Carr v. Turner*, 238 Ark. 889, 385 S.E. (2d) 656 (1965) (statute is a penal statute where no civil liability rests); Kansas, Kan. Stat. Ann. § 41-715 (1993), *Mills v. City of Overland Park*, 251 Kan. 434, 837 P. (2d) 370 (1992) (statute is for regulating sale of liquor and was not intended to impose civil liability).

[7] *Wright v. Moffitt*, 437 A. (2d) 554 (Del. 1981) (the General Assembly is in a far better position than a Court to gather the empirical data and to make the fact finding necessary to determine what the public policy should be as to a dram shop law, and the scope of any such law); *Felder v. Butler*, 292 Md. 174, 438 A. (2d) 494 (1981) (the absence of any statute creating a civil cause of action leads the court to conclude that the legislature did not intend to impose civil liability upon alcoholic beverage vendors for the tortious acts of their intoxicated customers); *Pelzek v. American Legion*, 236 Neb. 608, 463 N.W. (2d) 321 (1990) (dram shop liability through a penal statute should not be extended to negligence actions by the court but should be left to the legislature).

[8] Cal. Bus & Prof. Code § 25602(c) (West 1985) ("no person who sells, . . ., any alcoholic beverage . . . shall be civilly liable to any injured person or [his] estate for injuries inflicted on that person as a result of intoxication by the customer of such alcoholic beverage"); Nev. Rev. Stat. Ann. § 41.1305 (Michie Supp. 1995) ("no person who serves or sells alcoholic beverages is liable in a

South Carolina is among those jurisdictions that have recognized a civil cause of action based upon the violation of a penal statute. *Christiansen v. Campbell*, 285 S.C. 164, 328 S.E. (2d) 351 (Ct. App. 1985), *cert. denied*, S.C. Sup. Ct. order dated June 27, 1985.[9] In *Christiansen*, as here, the plaintiff, who was also the intoxicated person, brought a private cause of action relying on S.C. Code Ann. § 61-9-410 (1976) which provides, in part:

> "[n]o holder of a permit authorizing the sale of beer or wine or any servant, agent, or employee of the permittee shall knowingly do any of the following acts upon the licensed premises covered by the holder's permit:
>
> \*　\*　\*　\*　\*　\*
>
> (2) sell beer or wine to any person while the person is in an intoxicated condition";. . . .

---

civil action based on grounds that the service or sale was the proximate cause of injuries inflicted by an intoxicated person upon himself or another person"); Wisc. Stat. Ann. § 125.035 (West 1989) ("A person is immune from civil liability arising out of the act of procuring alcohol beverages or selling, dispensing, or giving away alcohol beverages to another person"; this section does not apply if minor is involved); *see also* 45 Am. Jur. (2d) *Intoxicating Liquors* §§ 566, 578 (1969).

[9] This Court notes that in 1985 South Carolina aligned itself with jurisdictions which, at that time, recognized a private cause of action created by a penal statute. Since then, however, a majority of those jurisdictions relied upon by this Court in *Christiansen* have either judicially or legislatively denied relief to the intoxicated person himself. *Ontiveros v. Borak*, 136 Ariz. 500, 667 P. (2d) 200 (1983) has been statutorily overruled by Ariz. Rev. Stat. Ann. § 4-312 (1995), which precludes the inebriated person from bringing suit; *Taylor v. Ruiz*, 394 A. (2d) 765 (Del. Super. Ct. 1978) has been limited in *Wright v. Moffitt*, 437 A. (2d) 554 (Del. 1981) (holding the legislative purpose of Del. Code Ann. tit. 4, § 706 is to protect the public in general, not the intoxicated individual); *Ono v. Applegate*, 62 Haw. 131, 612 P. (2d) 533 (1980) has been limited in *Bertelmann v. Taas Assoc.*, 69 Haw. 95, 735 P. (2d) 930 (1987) (holding liquor consumers are not within class of persons for whose benefit the statute was enacted); *Alegria v. Payonk*, 101 Idaho 617, 619 P. (2d) 135 (1980) has been statutorily overruled by Idaho Code § 23-808 (1995) which precludes the inebriated person from bringing suit; *Hutchens v. Hankins*, 63 N.C. App. 1, 303 S.E. (2d) 584 (1993) has been limited in *Sorrells v. M.Y.B. Hospitality Ventures*, 332 N.C. 645, 423 S.E. (2d) 72 (1992) (holding plaintiff's recovery was barred by his own actions in driving his vehicle while highly intoxicated); *McClellan v. Tottenhoff*, 666 P. (2d) 408 (Wyo. 1983) relied on in *Christiansen* for the proposition that the statute represents the legislature's judgment that an intoxicated person is a menace to himself, has been altered by *White v. HA, Inc.*, 782 P. (2d) 1125 (Wyo. 1989) (holding the tavern owner has no duty to protect the intoxicated person from injuries he causes to himself).

Appellants also base their action on S.C. Code Ann. § 61-5-30 (1990) which reads:

> It shall be unlawful for any person to possess or consume any alcoholic liquors upon any premises where such person has been forbidden to possess or consume alcoholic liquors by the owner, operator, or person in charge of the premises.
>
> No person or establishment licensed to sell alcoholic beverages pursuant to this article shall sell such beverages to persons in an intoxicated condition and such sales shall be deemed violations of the provisions thereof and subject to the penalties contained herein.
>
> No person, corporation or organization for whose premises a license is required shall knowingly allow the possession or consumption of any alcoholic liquors upon such premises unless a valid license issued pursuant to subsection (3) or (4) of § 61-5-20 has been obtained and is properly displayed.

Since this cause of action was judicially created in South Carolina, we have no statutory guidance on the class of persons who may recover or on the availability of defenses. In many states where such a cause of action is statutorily authorized, the dram shop act or cases interpreting it have specifically precluded the intoxicated person from that class of plaintiffs who may bring suit.[10] In addition, many courts in jurisdictions with penal statutes, including most of those relied upon by the Court in *Christiansen*, have precluded first party re-

[10] Ariz. Rev. Stat. Ann. § 4-312 (1995); Colo. Rev. Stat. §§ 12-46-112.5(3)(II)(b), 12-47-128.5(3)(II)(b) (1990); Ga. Code Ann. § 51-1-40(b) (Supp. 1993); Idaho Code § 23-808(4)(a) (1995); Ill. Ann. Stat. ch. 43, para. 135(a) (Smith-Hurd Supp. 1992); La. Rev. Stat. Ann. § 9:2800.1(A)(B) (West 1991); Me. Rev. Stat. Ann. tit. 28-A, § 2504(2) (West 1988); Mich. Comp. Laws Ann. § 436.22(10) (West 1995); N.H. Rev. Stat. Ann. § 507-F:4 (1983) (unless provider knew or should have known that such service creates unreasonable risk of physical harm); N.M. Stat. Ann. § 41-11-1(B) (Michie 1996) (unless licensee acted with gross negligence or reckless disregard); N.D. Cent. Code § 5-01-06.1 (1987); R.I. Gen. Laws § 3-14-4(1) (1987) (intoxicated person may not bring action against provider for negligent service but may for reckless service); *Weeks v. Princeton's*, 570 So. (2d) 1232 (Ala. 1990) (intoxicated person is not a protected party under dram shop act); *Sanders v. Officers Club of Conn. Inc.*, 196 Conn. 341, 493 A. (2d) 184 (1985) (dram shop act does not authorize recovery by the intoxicated person); *Rutledge v. Rockwells of Bedford, Inc.*, 200 A.D. (2d) 36, 613 N.Y.S. (2d) 179 (1994) (dram shop act does not

covery.[11] *Christiansen,* however, clearly extended the cause of action to the intoxicated person himself. Therefore, our only inquiry today is whether defenses may be asserted against the intoxicated person by the tavern owner.

Appellants argue that to permit a tavern owner to raise traditional tort defenses in a suit against it would undermine the cause of action recognized in *Christiansen,* asserting this cause of action is more in the nature of one grounded in strict liability. We cannot accept this characterization. The cause of action recognized in *Christiansen* sounds in negligence. Under *Christiansen,* the jury must determine if the statutory violation is a proximate cause of the alleged injury. Subse-

---

create cause of action on behalf of intoxicated person); *Sorrells v. M.Y.B. Hospitality Ventures,* 332 N.C. 645, 423 S.E. (2d) 72 (1992) (plaintiff's recovery was barred by his own actions in driving his vehicle while highly intoxicated); *Smith v. The 10th Inning, Inc.,* 49 Ohio St. (3d) 289, 551 N.E. (2d) 1296 (1990) (intoxicated person has no cause of action against liquor permit holder for damages where injury was proximately caused by patron's own intoxication); *Sager v. McClenden,* 296 Or. 33, 672 P. (2d) 697 (1983) (dram shop act does not permit a claim in favor of intoxicated persons injured off premises as result of own intoxication against licensees who serve them when visibly intoxicated); *Horton v. The Royal Order of the Sun,* 821 Pl. (2d) 1167 (Utah 1991) (dram shop act gives cause of action to injured third parties, but not to the intoxicated person); *Langle v. Kurkul,* 146 Vt. 513, 510 A. (2d) 1301 (1986) (dram shop act gives a cause of action only to third persons who are injured by an intoxicated person; no remedy is provided for the intoxicated person); *White v. HA, Inc.,* 782 P. (2d) 1125 (Wyo. 1989) (no duty imposed on tavern owner to protect the intoxicated person from injuries he causes to himself).

[11] *Wright v. Moffitt,* 437 A. (2d) 554 (Del. 1981) (legislative purpose of statute is to protect the public in general and to prevent a breach of the public peace, not to protect one who drinks alcoholic beverages from the consequences of his own intoxication); *Bertelmann v. Taas Assoc.,* 69 Haw. 95, 735 P. (2d) 930 (1987) (liquor consumers are not within class of persons for whose benefit the statute was enacted); *Cuevas v. Royal D'Iberville Hotel,* 498 So. (2d) 346 (Miss. 1986) (provider of alcohol is not liable to adult individual who is injured due to his voluntary intoxication); *Sorrells v. M.Y.B. Hospitality Ventures,* 332 N.C. 645, 423 S.E. (2d) 72 (1992) (plaintiff's recovery is barred by his own actions in driving his vehicle which highly intoxicated); *Ohio Casualty Ins. Co. v. Todd,* 813 P. (2d) 508 (Okla. 1991) (tavern owner has no liability to intoxicated adult who voluntarily consumes alcoholic beverages to excess and sustains injury as result of his intoxication); *Estate of Kelly v. Falin,* 127 Wash. (2d) 31, 896 P. (2d) 1245 (1995) (en banc) (no duty owed to obviously intoxicated patron, therefore no liability if patron suffers harm as a result); *White v. HA, Inc.,* 782 P. (2d) 1125 (Wyo. 1989) (the tavern owner has no duty to protect an intoxicated person from injuries he causes to himself). *But see Von Ruecker v. Holiday Inns, Inc.,* 775 S.W. (2d) 295 (Mo. Ct. App. 1989) (provider is civilly liable to inebriant under Mo. Rev. Stat. § 537.053 (1988) if convicted of selling intoxicating beverages to a minor or obviously intoxicated person and the sale was the proximate cause of the injury or death).

quent decisions of the Supreme Court and the Court of Appeals have held the South Carolina liquor control statutes also create a private cause of action in favor of injured minors who were unlawfully served alcohol as well as innocent third parties injured by the inebriant. *See Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E. (2d) 251 (1991) (sections 61-9-40 and 61-9-410 give rise to civil liability if third party plaintiff can establish negligence per se. After establishing negligence per se, plaintiff must prove the violation of the statute was causally linked, both in fact and proximately, to the injury); *Jamison v. The Pantry, Inc.*, 301 S.C. 443, 392 S.E. (2d) 474 (Ct. App. 1990) (third party plaintiff has cause of action under sections 61-9-40 and 61-9-410); *Daley v. Ward*, 303 S.C. 81, 399 S.E. (2d) 13 (Ct. App. 1990) (third party and intoxicated minor have cause of action under section 61-9-410); *cf. Garren v. Cummings & McCrady, Inc.*, 289 S.C. 348, 345 S.E. (3d) 508 (Ct. App. 1986) (social host incurs no common-law liability to third party plaintiffs when he serves alcohol to his adult guests). Thus, *Christiansen* and the decisions which followed it clearly indicate liability should be predicated upon a negligence standard, i.e., "whether the bartenders negligently served alcoholic beverages to a person who, by his appearance or otherwise, would lead a prudent man to believe that person was intoxicated." *Daley*, 303 S.C. at 87, 399 S.E. (2d) at 16.

We hold that while a plaintiff who proves a violation of the statute has established negligence per se, certain defenses which break the causal chain may still be asserted by the defendant. This construction is consistent with the Supreme Court's holding in *Whitlaw v. Kroger Co.* that "[v]iolation of the statute, thus, is not conclusive of liability. . . . We can only say that if any cause of action exists for this plaintiff under the statute, the cause of action will be subject to any valid defenses and limitations which may break the causal chain." *Id.* 306 S.C. at 54-55, 410 S.E. (2d) at 253. *See also Crolley v. Hutchins*, 300 S.C. 355, 387 S.E. (2d) 716 (Ct. App. 1989) (liability under S.C. Code Ann. § 61-5-30 (1976) did not extend to an intoxicated person who later attempted suicide after being arrested at a bar for disorderly conduct). The question of what constitutes a valid defense to an action brought by an intoxicated plaintiff has never been answered in this State.

Although this case arose prior to the adoption of comparative fault, we note other jurisdictions have applied principles of comparative negligence under similar circumstances.[12] These courts have held that voluntary intoxication is a self-indulgent act and "a person who voluntarily consumes alcohol to the point of intoxication is at the very least partially responsible for his injuries." *Lyons v. Nasby*, 770 P. (2d) 1250, 1255 (Colo. 1989). As the *Lyons* court noted, foreclosing a tavern owner from showing that its breach of duty did not contribute to the plaintiff's injuries or that the plaintiff's negligence was greater than that of the defendant "would clearly be contrary to traditional tort principles." *Id.* at 1259.

Similar reasoning convinces us that contributory negligence was properly charged in this case. Tobias had been drinking on the golf course and at two other bars before coming to the Ramada bar. By his own admission he had consumed at least eight drinks prior to ordering another at the Ramada. It is difficult to conceive of a fact situation more compelling on the issue of contributory negligence.

We also believe the trial judge correctly charged the defense of assumption of the risk to the jury. Tobias testified that his usual limit was four drinks. On the night in question, however, he had consumed eight drinks before arriving at the Ramada bar. He recalled ordering one cocktail there. He testified he remembered nothing further after that. There is no evidence in the record to suggest that Tobias consumed this alcohol other than at his own volition.

The concurrence argues that allowing the tavern owner to assert the defenses of assumption of the risk and contributory

---

[12] *See Lyons v. Nasby*, 770 P. (2d) 1250 (Colo. 1989) (en banc) (tavern owner may assert comparative negligence as a defense to negligence action); *O'Hanley v. Ninety-Nine, Inc.*, 12 Mass. App. Ct. 64, 421 N.E. (2d) 1217 (1981) (degree of intoxication is evidence of negligence which is to be weighed by the jury in determining percentages of negligence to be assigned under comparative negligence statute); *Lee v. Kiku Restaurant*, 127 N.J. 170, 603 A. (2d) 503 (1992) (in third party passenger's claim against tavern owner, jury may consider extent to which driver's own conduct caused passenger's injuries); *Smith v. Sewell*, 858 S.E. (2d) 350 (Tex. 1993) (Comparative Responsibility Act is applicable to injured customer's dram shop act suit against tavern owner); *Bailey v. Black*, 183 W.Va. 74, 394 S.E. (2d) 58 (1990) (comparative negligence system will weigh the negligence of the intoxicated person against the negligence of the tavern owner in the intoxicated person's action for injuries to himself).

negligence results in the complete abrogation of the statute, since a person will rarely become intoxicated except by his own volition. However, the tavern owner is still subject to fines and license revocation for his actions under the statute regardless of whether the inebriant assumed the the risk of becoming intoxicated. Thus, the legislative purpose of deterring drunk driving and punishing tavern owners who serve obviously intoxicated persons is served without absolving the inebriant of responsibility for his actions.

The concurrence also cites three cases where the tavern owner was not allowed to assert the defense of contributory negligence. However, since *Aliulis v. Tunnel Hill Corp.*, 114 N.J. Super. 205, 275 A. (2d) 751 (App. Div. 1971), *aff'd*, 59 N.J. 508, 284 A. (2d) 180 (1971), New Jersey has adopted the law of comparative negligence. N.J. Stat. Ann. §§ 2A:15-5.1 to -5.3 (West 1987 & Supp. 1996). Furthermore, New Jersey has also passed a dram shop act, N.J. Stat. Ann. § 2A:22A-5 (West 1987), and has passed a statute making comparative negligence applicable under the dram shop act. N.J. Stat. Ann. § 2A:22A-6 (West 1987) ("in any case where a licensed alcoholic beverage server or any other party to a suit instituted pursuant to the provisions of this act is determined to be a joint tortfeasor, *the licensed alcoholic beverage server or other party shall be responsible for no more than that percentage share of the damages which is equal to the percentage of negligence attributable to the server of other party.*"). (Emphasis added.) In *Lee v. Kiku Restaurant*, 127 N.J. 170, 603 A. (2d) 503 (1992) the New Jersey Supreme Court held that comparative negligence is a defense available to a tavern owner against an intoxicated patron. The court stated:

> In reassessing the principles that should govern liability in dram-shop litigation, we are strongly influenced not only by the principles of comparative negligence but also by the public interest in deterring those who would create risk to others by voluntarily driving to the point of intoxication. Our statutory and case law reflect the compelling public policy that those who voluntarily become intoxicated must be held responsible for the consequences of their behavior. *Id.* 603 A. (2d) at 509.

Similarly, since the Pennsylvania Supreme Court's holding in *Majors v. Brodhead Hotel*, 416 Pa. 265, 205 A. (2d) 873 (1965), Pennsylvania has adopted comparative negligence and now permits the tavern owner to introduce evidence of the intoxicated person's comparative negligence. *Barrie v. Pennsylvania Liquor Control Board*, 137 Pa. Cmwlth. 514, 586 A. (2d) 1017 (1991) ("More recent cases decided under the comparative negligence statute have permitted the introduction of the actor's contributory negligence, when a violation of the liquor laws has occurred.").

The concurrence is correct in stating that some states do prohibit a tavern owner from asserting the defenses of contributory negligence or assumption of the risk against an intoxicated patron. However, the majority of states that have considered this issue limit the inebriated patron's ability to sue the tavern owner for the consequences of the patron's voluntary intoxication.

Accordingly, we hold that both contributory negligence and assumption of the risk were properly submitted to the jury in this case. In our view, a rule which allows an intoxicated individual to hold a tavern owner liable without regard to his own actions in continuing to consume alcohol promotes irresponsibility and rewards drunk driving. "Given a choice between a rule that fosters individual responsibility and one that forsakes personal accountability, we opt for personal agency over dependency and embrace individual autonomy over paternalism." *Estate of Kelly v. Falin*, 127 Wash. (2d) 31, 896 P. (2d) 1245, 1250 (1995) (en banc).

Accordingly the jury verdict is

Affirmed.

GOOLSBY, J., concurs in a separate opinion.

CONNOR, J., concurs.

GOOLSBY, Judge (concurring):

I would also affirm the defense verdict, but only because the verdict is susceptible to the construction that the jury found the Ramada Hotel neither knew nor should have known Mr. Tobias was intoxicated when he allegedly purchased a single drink there. It is an elementary principle of appellate re-

view that when the general verdict of a jury is susceptible to two constructions, one that will uphold it and the other that will defeat it, the one that will allow the jury's determination to stand is preferred. *Inman v. Thompson*, 297 S.C. 221, 375 S.E. (2d) 358 (Ct. App. 1988) (affirming a verdict for the plaintiff, holding even if the trial court erred in charging the doctrine of last clear chance, it could not be determined whether the jury could have found that the defendant had the last clear chance to avoid the accident or merely that the child was not contributorily negligent).

Were it not for the fact that the jury's general verdict is susceptible to the construction that the jury found no negligence on the Ramada Hotel's part, I would reverse the trial court's decision to charge contributory negligence and assumption of risk and hold those defenses do not apply to private causes of action brought under S.C.Code Ann. §§ 61-5-30 and 61-9-410.

In considering passage of the statutes at issue, the South Carolina legislature clearly contemplated the fact that, in order to become intoxicated, a person ordinarily must first have voluntarily consumed alcohol. The legislature also must have recognized that a voluntary consumption of alcohol to the point of intoxication could also result from negligence. Nevertheless, our legislature enacted §§ 61-5-30 and 61-9-410, which impose liability upon tavern owners and vendors who sell such beverages to an intoxicated person.

This court in *Christiansen v. Campbell*, 285 S.C. 164, 328 S.E. (2d) 351 (Ct. App. 1985) held § 61-9-410 gave rise to a private cause of action and existed not only to protect injured innocent third parties, but also to protect intoxicated persons from their own incompetence and helplessness. Under this analysis, Mr. Tobias was a member of an intended statutorily protected class and he had the right to avail himself of the civil cause of action arising from the applicable code sections. By permitting the Tobiases' claims to be barred because of Mr. Tobias's alleged negligence or assumption of the risk, the legislature having already contemplated such conduct prior to enacting the statutes, the majority is permitting the complete abrogation of the public policy set forth and the relief afforded by these statutes. *See Galvin v. Jennings*, 289 F. (2d) 15, 19 (3rd Cir. 1961) ("When a statute sets up a standard in some in-

stances the court says that violation of the standard by a defendant resulting in injury to a plaintiff is not to be defended on the bases of the plaintiff's contributory negligence. The theory is that the prohibition in the statute represents a device to protect an incompetent against the consequence of his incompetency."); *Vance v. United States*, 355 F. Supp. 756 (D.C. Alaska 1973) (contributory negligence on the part of the plaintiff was not a defense to a violation of the statute, which constituted negligence *per se* since the statute was intended to place the entire responsibility for resulting harm upon the violator because it was virtually impossible for the statute to be violated without contributory negligence on the part of the plaintiff consumer); *Aliulis v. Tunnel Hill Corp.*, 114 N.J. Super. 205, 275 A. (2d) 751 (App. Div. 1971), *aff'd*, 59 N.J. 508, 284 A. (2d) 180 (1971) (the bar of contributory negligence would not be available to a tavern owner in an action to recover for injuries sustained by a person in consequence of having been illegally served intoxicating liquor); *Majors v. Brodhead Hotel*, 416 Pa. 265, 205 A. (2d) 873 (1965) (if a defendant's negligence constituted a violation of a statute enacted to protect a class of persons from their inability to exercise self-protective care, a member of such class is not barred by his contributory negligence from recovery for bodily harm caused by the violation of such statute; the fact that the plaintiff consciously reduced himself into a state of intoxication was immaterial since the statute in question was intended to protect persons when they are intoxicated regardless of where or how they may have become intoxicated); *RESTATEMENT (SECOND) OF TORTS* § 483 cmt. c, at 539 (1965) (contributory negligence does not apply to statutes that are intended to place the entire responsibility for the harm that has occurred upon the defendant; a statute may be found to have that purpose particularly where it is enacted in order to protect a certain class of persons against their own ability to protect themselves). The majority allows the tavern owner to avoid its statutory responsibility not to serve intoxicated customers by simply accusing the patron of drinking too much.

I would also emphasize that the legislature's decision that the tavern owner should bear the responsibility as between itself and the intoxicated patron for injuries arising out of violations of §§ 61-5-30 and 61-9-410 is not without logical appeal.

While the customer is certainly not blameless, morally speaking, for ordering alcoholic beverages after reaching the point of intoxication, at the time the owner serves the beverages only the owner has the benefit of clear, sober judgment; only the owner is in the business of dealing with intoxication; and only the owner stands to benefit financially from a violation of the statute. I believe the majority's decision in this case undercuts this court's analysis in *Christiansen* and abrogates this State's legislative intent and established public policy.